WILLIAM EDGAR BAKER, Plaintiff, *v*. THE FIFTH AVENUE BANK OF NEW YORK and Another, as Trustees under a Certain Agreement Dated May 10, 1922, and Another, Individually and as Trustee under Said Agreement, Defendants.

First Department, December 28, 1928.

*H. Walter Reynolds* of counsel [*Graham & Reynolds*, attorneys], for the plaintiff.

*Carleton S. Cooke* of counsel [*Thompson, Freedman & Cooke*, attorneys], for the defendants The Fifth Avenue Bank of New York and Carleton S. Cooke, as trustees.

O'MALLEY, J. By agreement dated May 10, 1922, William Edgar Baker transferred to the Fifth Avenue Bank, to Marian Lindley Baker, his wife, and Carleton S. Cooke, as trustees, certain personal property, consisting of securities. The income therefrom was to be paid to Marian Lindley Baker for life and upon her prior decease, to William Edgar Baker for his life. Upon the death of the survivor, the principal with undistributed income was to go to their issue, if any, and the survivor or survivors of any of said issue, and the children of any deceased child or children *per stirpes*. If upon the termination of the trust there should be no surviving issue or descendant of William Edgar Baker or of Marian Lindley Baker, the principal with undistributed income was to go to Alan G. Baker and Henry Martyn Baker, share and share alike, or, if either be then deceased, to their male issue and descendants *per stirpes*. Failing any such, the principal was to go to the executors of the will of William Edgar Baker for distribution pursuant to the provisions of said instrument.

The parties have conceded in their briefs that, as recited in a separation agreement hereinafter discussed, there are no children of Marian Lindley Baker and William Edgar Baker. Such fact and the possibility of there being such issue are immaterial, however, for the disposition of this controversy.

Under date of May 25, 1928, Marian Lindley Baker and William Edgar Baker, then living separate and apart, entered into a separation agreement. By its terms, Marian Lindley Baker sold, assigned, conveyed, transferred and released to William Edgar Baker all her right, title and interest whatsoever in and to the trust estate created by the agreement of May 10, 1922 (including both the principal thereof and any accumulated and unpaid interest therefrom and any income accruing from and after the date of the said agreement of May 25, 1928, and every other right whatsoever with respect to the said principal or income), and consented to the *revocation in whole or in part* by said William Edgar Baker of the trust so created, and released the trustees and their successors of and from any and all liability or accountability with respect to said principal or income, and directed them to pay any and all such income to William Edgar Baker. Copies of this agreement were duly served upon the other two trustees hereinafter referred to as the trustees.

By another instrument of the same date, which was duly served on the trustees, William Edgar Baker did thereby " revoke and annul the said trust *in so far as* provision is made in the said agreement for the *payment of the income thereof to the said Marian Lindley*

*Baker* " and directed that thereafter such income be paid to him. (Italics ours.)

By still another writing dated June 23, 1928, and likewise duly served on the trustees, Marian Lindley Baker further consented to such revocation pursuant to the notice last mentioned and directed action by the trustees in accordance with such notice and the separation agreement, and further consented to entry of judgment to such effect and waived notice of any action or proceeding to enforce such notice.

The plaintiff maintains that by virtue of section 23 of the Personal Property Law, which provides that " Upon the written consent of all the persons beneficially interested in a trust in personal property *or any part thereof* * * * the creator of such trust may revoke * *. * such part thereof, and thereupon the estate of the trustee shall cease in * * * such part thereof," he is entitled to judgment. (Italics ours.) The trustees have refused to proceed in the manner directed by the instruments last referred to, such refusal giving rise to the controversy before us. Their refusal, however, is not predicated upon any personal disinclination on their part. They expressly concede a desire to conform to the wishes of Mr. Baker and his wife but assert a fear of legal consequences. Such fear is based upon the provisions of section 15 of the Personal Property Law which provides that " The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be *transferred* by assignment or otherwise." (Italics ours.)

We are of the opinion that judgment must be directed for the plaintiff. The two statutes referred to must be construed so as to work harmoniously to the end that a consistent and logical result will be effected. On their face they do not conflict. Section 15 concerns itself with the right merely of a personal property trust beneficiary to *transfer* his right to enforce performance of such trust. Section 23 deals with the *revocation* of such trust. Bouvier's Law Dictionary (3d Rev.) defines " Transfer " as " The act by which the owner of a thing delivers it to another person, with the intent of passing the rights which he has in it to the latter." " Revocation " is there defined as " The recall of a power or authority conferred of the vacating of an instrument previously made." These definitions show the dissimilarity of the two acts, and hence of the purport of the two sections.

In this controversy there has been a legal revocation, not a transfer. Because factually a like result is apparently reached, the conclusion to be drawn therefrom is not affected. The trust for the benefit of Marian Lindley Baker has been revoked so far

as she is concerned. Her mere right to enforce the trust has not been transferred. As to her the trust has been terminated. She has destroyed, not transferred. The creator has not in fact terminated such part of the trust entirely in order to avoid any question of unlawful suspension with respect to the remaindermen in the event of his decease prior to that of Marian Lindley Baker. The creator's acts have been done to preserve that part of the trust relating to his own life interest and the interest of the remaindermen and not to work a transfer of his wife's life interest as such. In viewing and construing the form of plaintiff's acts we must not lose sight of, nor do violence to, their substance.

It follows that judgment must be directed for the plaintiff declaring the trust revoked to the extent herein indicated and fixing the termination thereof as of the date of the death of the survivor of Mr. and Mrs. Baker, and directing the payment of the income to Mr. Baker during his life and to his personal representatives until the death of Mrs. Baker in the event he predeceases her, such disposition to be without costs pursuant to the terms of the submission.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment directed for plaintiff as indicated in opinion, without costs. Settle order on notice.