Louis Lentine, an Infant, by Salvatore Lentine, His Guardian ad Litem, Plaintiff, *v.* Abe Jacobs, Defendant.

City Court of New York, New York County, May 26, 1930.

*Thomas J. Stapleton,* for the plaintiff.

No appearance for the defendant.

SHIENTAG, J. This is an application for leave to compromise an action for personal injuries instituted on behalf of an infant. The amount offered in settlement is $800 in the infant's action and $100 for the parents' loss of services. On April 7, 1928, the infant was struck by a taxicab, sustained a compound fracture of the skull, was taken to Bellevue Hospital, where he remained until April 16, 1928; thereafter he was under the care of a private physician, and continued to visit the out-patient department of the hospital for a number of months. No affidavit of the attending physician is presented, nor is there any explanation given for such omission. A transcript of the hospital records is not attached to the papers. There is presented an affidavit of a physician who

examined the child a few days ago. There is nothing to indicate that the physician has had any special experience or training in the treatment of head injuries or the neurological conditions which may result therefrom. This application is, therefore, denied, without prejudice to a renewal, which shall contain the affidavit of the attending physician, a transcript of the hospital records and an affidavit of a neurologist setting forth the present condition of the child. On December 3, 1928, I wrote a memorandum setting forth in detail the procedure that I would require to be followed in applications for leave to compromise actions for personal injuries brought on behalf of infants. For the information of the bar I shall repeat these requirements, with such modifications as experience has dictated to be wise and necessary.

I shall require the following procedure to be observed in substance in every application made to me for the approval of the settlement of an action for personal injuries sustained by an infant: 1. The infant, the guardian and the attorney making the application shall attend before the court. 2. In the absence of exceptional circumstances the attorney for the infant will be allowed not more than thirty-three and one-third per cent of the total amount of the settlement to cover fees and disbursements. The allowance to the attorney for the infant will be determined on the basis of the entire amount obtained in settlement for personal injuries and loss of services, less what the attorney receives under his retainer in the loss of services action. 3. Where the amount obtained for the infant on the settlement, less the allowance to the plaintiff's attorney, is under $150, the court, as a general rule, will permit it to be paid over to the guardian without a bond. Where such amount is over $150 it will be required to be deposited with the city chamberlain of the city of New York to the credit of the infant and subject to the further order of the court, or the court will authorize a joint deposit in a bank or trust company under section 980-a of the Civil Practice Act. Where the amount deposited with the city chamberlain is $300 or over, the court, with the consent of the guardian and the attorney for the infant plaintiff, will insert a provision in the order authorizing the city chamberlain to invest the amount deposited with him in guaranteed first mortgage certificates. 4. Where the application for the approval of a settlement is made by one who is not the attorney for the guardian, but who has been designated by the defendant or his representative for the purpose of presenting the application, the matter may be referred to the official referee for investigation and report. Whenever it is deemed advisable the court will order a physical examination by a physician of its own selection, to be

paid for as it may direct. 5. An application to compromise an infant's action for personal injuries shall be based upon the following papers: (a) the affidavit of the guardian *ad litem;* (b) the acknowledged consent of the infant if fourteen years of age or over; (c) the affidavit of the attorney, and (d) the affidavit of one or more physicians. 6. The affidavit of the guardian *ad litem* shall set forth his residence and the date of his appointment; his relationship to the infant; the date of the accident and a general description thereof; the nature of the injuries received by the infant; the name of the physician or physicians attending or consulted in the treatment and the medical expenses incurred; the period of disability resulting from the accident; if of school age, how long the infant was away from school; if working, how many weeks' wages were lost and the total amount thereof; the present physical condition of the infant; the terms of the attorney's retainer; the terms of the proposed settlement and the guardian's approval thereof; and what amount, if any, is included for loss of services in the settlement. 7. If the infant is fourteen years of age or over there should be presented his acknowledged consent to the settlement. 8. The affidavit of the attorney making the application, in addition to the information required by rule 294 of the Rules of Civil Practice, shall set forth by whom, on what date and under what terms he was retained; the acts of negligence complained of; the terms of the proposed settlement for personal injuries and loss of services and a brief statement of his reasons for recommending the same; the services rendered by the attorney in the action, and the fee he asks to be allowed. It shall also set forth compliance with rule IV-a of the Rules of the Appellate Division of the First Department. 9. The affidavit of the physician shall set forth his connection with the case, and whether or not he has been paid or expects to be paid by the defendant or any one acting on the defendant's behalf; if he treated the infant, the period covered by the treatment and the nature, duration and extent of the injuries; the date of his last examination and the condition of the infant at that time; whether or not the infant is still suffering any disability or inconvenience as the result of the accident, giving the details thereof; whether or not the accident has left the infant with any permanent disability, defect, scar or impairment; where there has been an eye or ear injury or a fracture or dislocation, the affidavit shall state the percentage of impairment or loss of function, if any, resulting from the accident. Where the affidavit as to the present condition is not made by the attending physician, the latter's affidavit setting forth the character of the injuries and treatment should also be attached, or the failure to obtain it explained. Where

the infant was confined to a hospital and a serious injury is involved, a transcript of the hospital records shall be attached to the moving papers or shall be subpœnaed for production before the court at the time of the application for leave to compromise is made. In the case of a serious eye or head injury, the court will require an affidavit of an eye specialist or a neurological expert, as the case may be, which shall set forth in detail the present condition of the child.