WALTER M. CARLEBACH, Individually and as a Trustee of a Trust Created by HERBERT L. CARLEBACH and as a Trustee of a Trust Created by Himself, et al., Plaintiffs, *v.* CENTRAL HANOVER BANK AND TRUST COMPANY as a Trustee under a Trust Created by WALTER M. CARLEBACH and as a Trustee under a Trust Created by HERBERT L. CARLEBACH, Defendant.

First Department, March 9, 1945.

*Lewis L. Delafield, Jr.* of counsel (*Edwin A. Margolius* with him on the brief; *Hawkins, Delafield & Longfellow,* attorneys), for plaintiffs.

*Albert B. Maginnes* of counsel (*Dorothy Lynch* with him on the brief; *Rathbone, Perry, Kelley & Drye.* attorneys), for defendant.

CALLAHAN, J.   The question presented in this controversy is whether attempted cancelations of certain life estates created under two *inter vivos* trusts were valid as partial revocations of such trusts, and thus permissible under section 23 of the Personal Property Law, or invalid under section 15 of the Personal Property Law, as attempted transfers or assignments of the right of the beneficiaries under said trusts.

On May 11, 1932, two brothers (Herbert L. and Walter M. Carlebach) each created an *inter vivos* trust providing for the payment of the income therefrom to their mother (Katie Carlebach) for her life, and then to the settlor's brother for his life. Upon the death of the beneficiary brother, or, if he predeceased the mother, on her death, the principal was to go to designated remaindermen subject to certain powers of appointment.

On August 14, 1944, various documents were executed, the effect and legality of which are in issue here.

The first of these documents was an agreement between the mother and the two sons, wherein, after reciting the creation, existence and provisions of the two trusts, it was provided that each settlor, in consideration of like action by the other, would revoke the trust created by him, but only to the extent of canceling the interest of the mother therein. Each settlor further agreed to assign and transfer any interest that he had in the principal and income of his trust to his brother. The mother agreed, in consideration of the sum of $22,500 paid by one son, and $22,530 paid by the other, to consent to the revocations above referred to. The sums so paid are said to represent the approximate value of the mother's life estates at the time.

In fulfillment of the obligations created by the agreement, a partial revocation of his trust was executed by each settlor only to the extent of the interest of the mother therein. The mother executed a consent to each revocation.

Further documents were executed whereby each settlor assigned to his brother any and all interest that the settlor had in the principal or income of his trust.

Section 23 of the Personal Property Law provides that " Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof * * * the creator of such trust may revoke the same as to the whole or such part thereof * * *."

Section 15 of the Personal Property Law provides that " The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise * * *."

We find nothing done here that was forbidden by section 15 of the Personal Property Law.

In *Baker* v. *Fifth Avenue Bank of New York* (225 App. Div. 238) we pointed out that sections 15 and 23 of the Personal Property Law must be construed so as to work harmoniously,

and that in fact there was no real conflict between them. Accordingly, we held in that case that what had been effected there was a partial revocation of the trust involved, which was permissible under section 23, and not an assignment of a beneficiary's interest prohibited by section 15. .

In the *Baker* case (*supra*) a husband had created a trust under which the income was payable to his wife for life, and upon her death to the settlor for life. Upon the death of the survivor the principal was to go to their issue, with further provisions in the event no issue survived. Later, the wife having consented to the revocation of her life estate, the husband revoked and annulled the same insofar as provision was made for payment of income to the wife, and directed that thereafter such income be paid to him. We said that this effected a legal revocation, and not a transfer or assignment by the beneficiary of her interests.

Likewise in the present case the mother did not attempt by assignment or otherwise to transfer her interests to anyone. She merely consented to the revocation of the trust provisions creating such interests. Though the settlor did assign his interest to his brother, a transfer of a settlor's interest is not prohibited by section 15; only that of a beneficiary.

Here, as distinguished from the *Baker* case (*supra*), there were two life tenants. There is a possibility that the brother life tenant may die before the mother. Under such circumstances it would seem to follow that the income would be payable to the estate of the beneficiary brother during the remainder of the mother's lifetime. This is so because the trusts do not terminate until the death of both the mother and the beneficiary brother. The settlor, to whom the mother's interest would revert upon revocation, has transferred his rights to his brother. Lest it be considered that such a transfer by the settlor would violate section 15 of the Personal Property Law as effecting the transfer of a beneficiary interest, it may be pointed out that where the settlor is also the beneficiary, section 15 has no application. (*Schenck* v. *Barnes,* 156 N. Y. 316; *Newton* v. *Hunt,* 134 App. Div. 325, affd. 201 N. Y. 599.)

Judgment should be entered for the plaintiffs adjudging (1) that the interest of Katie Carlebach in the trust created by Herbert L. Carlebach has been effectually revoked; (2) that the interest of Katie Carlebach in the trust created by Walter M. Carlebach has been effectually revoked; (3) that the income of the trust created by Herbert L. Carlebach accruing after August 14, 1944, and during the lifetime of Katie Carlebach

should be paid over to Walter M. Carlebach, his heirs, executors, administrators and assigns; and (4) that the income of the trust created by Walter M. Carlebach accruing after August 14, 1944, and during the lifetime of Katie Carlebach should be paid over to Herbert L. Carlebach, his heirs, executors, administrators and assigns, without costs.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur.

Judgment unanimously directed for the plaintiffs as indicated in opinion, without costs. Settle order on notice.