LUISA LAUDATO, as Guardian ad Litem for DOMINICK LAUDATO, an Infant, Plaintiff, *v.* HARRY LANDGARTEN et al., Copartners Doing Business under the Name of SANITARY DASH Co., et al., Defendants.

GEORGE CARLIS, an Infant, by HELEN CARLIS, His Guardian ad Litem, Plaintiff, *v.* GEORGE STRATIGOS, Defendant.

LESTER DIAS, an Infant, by WALTER DIAS, His Guardian ad Litem, et al., Plaintiffs, *v.* ELIZABETH PIERCE, Defendant.

Supreme Court, Special Term, Kings County, February 15, 1946.

UGHETTA, J. There are presently pending before this court three applications to procure judicial approval of compromises of infants' causes of action. In two of these neither the guardian ad litem nor the infant are represented by counsel and papers submitting the proposed settlement to the court have been prepared by attorneys retained at the instance of defendants' insurance carriers and who are to be paid by those companies and in one, the guardian is represented by counsel of his own choosing.*

I am constrained to set forth my views as to the propriety of this procedure in view of the recent decision in *Bose* v. *Wehrli* (186 Misc. 325). Rule 294 of the Rules of Civil Practice, as amended in 1940, provides in part as follows: " If the infant and his guardian are not represented by an attorney, the papers required for the application may be prepared by the attorney for the defendant and shall state that fact, the terms of the proposed settlement and the facts with reference to the cause of action, but such attorney shall make no recommendation in reference to the proposed settlement. The court or judge under such circumstances shall make a full examination into all the facts regarding the reasonableness and propriety of the proposed settlement, and may refer the matter to an official referee for investigation and report thereon." After referring to the jurisdiction of the Supreme Court over infants and discussing various evils which he fears are inherent in the situation, the court in the case cited (186 Misc. 325, 334, *supra*) concludes that the amendment " is contrary to the common law, not supported by any statute, and therefore, not enforcible." I am unable to agree with this reasoning.

While it is not necessary in determining the validity of the rule to express an opinion as to its wisdom, I may say that it

---

* In the interests of justice the court has omitted the appearances of counsel in these cases.

has been my experience that its effect is salutary; and I am not apprehensive that dire results will flow from its operation if the court properly performs its duty of making a full examination into all the facts regarding the reasonableness and propriety of the settlement. It is true that the court has no elaborate staff of investigators to seek out witnesses and perform other duties incidental to preparation for trial; nevertheless there are available to it ample means by which it can satisfy itself as to the propriety of the settlement. A full and complete disclosure of all pertinent facts should be set forth in the papers; it may require the production of hospital and other records and of the file of the defendant and his insurance carrier; witnesses may be called upon to attend before it for examination; a physical examination by a physician designated by the court may be ordered, to cite only some of the methods at its disposal. The judges of our courts are not presumed to be stupid men; rather it may be assumed that they are experts skilled above the average in penetrating any sham or subterfuge, if such be present, and in their ability to ascertain and evaluate the facts. The applications now before me are illustrative of the functions of the court in these matters. In each of the cases the injuries were serious and in each instance, after careful investigation and consideration, it was deemed that the offer of settlement was inadequate. As a result the amount was increased from $6,500 to $7,500 in *Carlis* v. *Stratigos* (and it may be observed that the papers were prepared by the attorney for the insurance company and that the insurance coverage is limited to $5,000, the balance being paid by the defendant personally); in *Dias* v. *Pierce* (where again neither the infant nor the guardian is represented by attorney) the offer was increased $1,000 over the original sum of $3,217.75 proposed; and in *Laudato* v. *Landgarten* the settlement for $7,000 recommended by the guardian's counsel was, at the instance of the court, raised to $9,500. These applications, all brought within the period of a few weeks in that part of the court designated to pass on infants' compromises in this county, are sufficient to demonstrate that the court may scrupulously discharge its duty and fully protect the rights and interests of its infant wards, whether the matter is brought before it by the guardian's own attorney or the papers are prepared by counsel for the defendant.

Section 83 of the Judiciary Law confers upon a majority of the justices of the Appellate Divisions in the four departments the power to adopt, amend or rescind any Rule of Civil Practice. While such rules cannot enlarge or abridge rights conferred by

statute and while a rule inconsistent with a constitutional or statutory provision is inoperative, in the absence of such inconsistency rules of court made under special statutory authority have the force and effect of statutes (*Matter of Moore,* 108 N. Y. 280) and are binding upon those courts to which they apply (*Matter of Wills,* 162 App. Div. 775). Particularly is this true of the present Rules of Civil Practice which have been promulgated pursuant to the approval of a majority of the justices of the several Appellate Divisions (*Matter of Pequeno,* 177 Misc. 223).

My researches have disclosed no statutory or constitutional provision to which the 1940 amendment to rule 294 is repugnant, and it is my opinion that it is in all respects valid and effective. When such a rule is adopted, it becomes the law for the court as well as for the citizens upon whom it was designed to operate, and we have no more power to disregard it than we should have to disregard the force of a statute in determining the rights of individuals thereunder (*Matter of Moore, supra*).

I therefore conclude that these applications are duly authorized and regular. The settlements referred to, as increased by court intercession, are reasonable and proper and will be approved. Orders signed.