In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK, as Trustee under a Trust Agreement Made by WILLIAM C. FIELDS.

Supreme Court, Special Term, New York County, October 29, 1948.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustee, petitioner.

*H. Vincent Smart* for Harriet V. Fields and another, defendants.

*Bert Cotton* for Magda Michael, as executrix of William C. Fields, deceased, defendant.

*George L. Kobbe* for Walter Fields and another, defendants.

McNALLY, J.  This is a motion by defendant, Walter Fields, to dismiss the five " counterclaims " in the answer of defend-

ant Harriet V. Fields on various grounds. In addition, the movant seeks dismissal of the answer of defendant Magda Michael, executrix of the estate of W. C. Fields, and an adjudication that he is entitled to the corpus of the trust of which he was the beneficiary at the time of the death of the settlor, W. C. Fields.

On a companion motion, decided simultaneously herewith (193 Misc. 770), this court has construed the trust agreement as providing that if the settlor dies after December 1, 1946, and the beneficiary survives him, the principal of the trust is to be paid to the beneficiary. It follows that the present motion, to the extent that it seeks an order directing payment of the corpus to the movant, must be granted. For the same reason, the answer of the executrix is insufficient to justify the granting of the relief prayed for therein, viz., that the principal of the trust fund, together with all accretion and accumulated income, be paid to the executrix, to be administered as part of the estate of W. C. Fields.

There remain for consideration the five " counterclaims " in the answer of defendant, Harriet V. Fields, insofar as they are directed at the movant (they are also directed at petitioner and defendant executrix).

The first " counterclaim " seeks an adjudication that one half of the trust property belongs to defendant Harriet V. Fields as community property under the law of California, where the settlor, as well as said defendant, his widow, resided at the time of his death and where his estate is being administered. In view of the court's holding that under the terms of the trust indenture the corpus passed to the beneficiary at the death of the settlor, it is clear that the first " counterclaim " must be dismissed as insufficient. The community property statutes are not claimed to apply to property passing by virtue of the provisions of an *inter vivos* trust. This is apparently conceded by the widow, for her claim to an interest in the corpus as community property is predicated upon the theory that the corpus did not go to the beneficiary under the trust and that the settlor died intestate with respect thereto: " Accordingly, if Decedent had left a residue in these trusts undisposed of, which by reason of the failure of the dispositive provisions of the trust belonged to him as of December 1, 1946 or at the time of his death on December 25, 1946, such residue, if governed by California law, becomes subject to the operation of § 201.5 of the Probate Code of California ".

The second "counterclaim" alleges that the trust was an "illusory" conveyance for the purpose of evading and circumventing the laws of New York and that under the laws of this State the widow has a right of election to take against the will of the decedent. Section 18 of our Decedent Estate Law providing for a right of election was not, however, enacted until 1929 (L. 1929, ch. 229), several years after the delivery of the trust agreement. Moreover, the statute is unavailable, in any event, to the widow of a testator not domiciled in New York State at the time of his death in respect of personal property left by the decedent in this State (*Matter of Slade*, 154 Misc. 275). The case of *Matter of Smith* (182 Misc. 711), relied upon by the widow, is clearly distinguishable. There the testator, in his will, expressly adopted the law of New York as determinative of the validity and effect of the will under the provisions of section 47 of the Decedent Estate Law, and it was accordingly held that the testator had adopted the whole body of New York law. No such provision was contained in the will of W. C. Fields. That the trust indenture provided that it was to be deemed a New York trust and that it was to be governed by the laws of New York is of no materiality in determining whether or not the New York law was to control the widow's right of election against the testator's will. In any event a right of election cannot affect the corpus of the trust which passed to the movant under the trust deed. The "counterclaim" must be dismissed as insufficient.

The third "counterclaim" alleges the settlor's will read together with the trust agreements creates trusts which violate the rule against perpetuities, which allegedly is the equivalent of the nonexercise of the power of appointment provided for in the trust agreements. Consequently, the widow and her son claim under the trust agreements as "heirs at law". This counterclaim does not survive the determination that the beneficiary named in each trust agreement is entitled to the corpus and, therefore, must be dismissed.

The fourth "counterclaim" is predicated upon the theory that the settlor's will provides for charitable bequests which are voidable under the laws of both California and New York. Accordingly, an adjudication is sought that the excess bequeathed to charity above the amounts permitted by law belongs to the widow and the son, as the settlor's next of kin. This "counterclaim" is clearly insufficient as to the movant for it does not affect the trust corpus which vested in him by virtue of the provisions of the deed of trust.

The fifth " counterclaim " alleges that from 1907 to the date of his death, 1946, the decedent made inadequate provision for the support of the widow. The latter, accordingly, seeks to recover the difference between the amounts paid by the decedent and the amount to which the widow claims she was " reasonably entitled for necessaries, maintenance and support ". These allegations make out no case for relief against the movant. They do not justify impressing a lien upon the corpus of the trust, nor do they warrant any judgment against the movant. If any cause of action be stated, it can only be one against the executrix of the estate.

The motion is granted in all respects, for the reasons above stated. Settle order.