In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK, as Trustee under a Trust Agreement Made by WILLIAM C. FIELDS.

Supreme Court, Special Term, New York County, October 29, 1948, republished January 5, 1949.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustee, petitioner.

*H. Vincent Smart* for Harriet V. Fields and another, defendants.

*Bert Cotton* for Magda Michael, as executrix of William C. Fields, deceased, defendant.

*George L. Kobbe* for Walter Fields and another, defendant.

McNALLY, J. This is a motion by the executrix of the estate of William C. Fields to strike out the " counterclaims " pleaded

by defendant Harriet V. Fields. The motion is based on a number of separate and distinct grounds, including contentions that the "counterclaims" are insufficient and also that they may not be properly asserted in a proceeding under article 79 of the Civil Practice Act. The movant also seeks to strike out the answer of Walter Fields and Adele Smith on the ground that the same fails to state facts sufficient to entitle them to an interest in the corpus of the trust, and asks for an adjudication, pursuant to rule 112 of the Rules of Civil Practice, that she is entitled to receive the funds in the possession of the petitioner.

The "counterclaims" are summarized and discussed in the opinion filed on a companion motion by respondent, Walter Fields (193 Misc. 777, decided simultaneously herewith). To the extent that said "counterclaims" seek an adjudication that Harriet Fields is entitled to an interest in the funds in the possession of the petitioner, they are insufficient for the reasons indicated in said opinion. Insofar as said "counterclaims" seek other relief against the executrix, they are improperly asserted in the present proceeding. The only provision for the assertion of cross claims by one defendant against another to be found in the Civil Practice Act is that contained in section 264 of the Civil Practice Act. That section relates solely to pleadings in an action. The outline summary of the various articles of the Civil Practice Act, which immediately precedes the body of the act itself, lists sections 241 to 284 inclusive, dealing with pleadings, under the caption of "Commencement of Action". The sections dealing with pleadings apply only to actions as distinguished from special proceedings. Wherever the Legislature intended the provisions of the Civil Practice Act to be applicable to special proceedings as well as to actions, it made express provision to that effect. (See, for example, Civ. Prac. Act, §§ 10, 192, 193-c, 196, 197, 198, 198-a, 207, 212, 310, 311, 313.) The court is aware of no authority for the interposition of cross claims in a special proceeding by one defendant against another. The only pleading expressly authorized in a proceeding under article 79 is an "answer *to the petition*" (Civ. Prac. Act, § 1312; italics supplied), and "objections to an account filed in a proceeding under this article." Article 79 was recommended by the Judicial Council (Ninth Annual Report of N. Y. Judicial Council, 1943, p. 305 *et seq.*). Its purpose, as stated in the report of the Judicial Council, was to simplify the procedure in matters of *inter vivos* trusts and make unnecessary in trust accountings resort to an equity action "'involving much cumbersome and expensive practice'" (p. 309). The purpose and

object of the adoption of article 79 would be largely defeated if cross claims between defendants, not affecting the rights of the parties to the funds in the hands of petitioner, could be litigated in an article 79 proceeding.

For the reasons indicated, the motion to strike out the five " counterclaims " of the defendant, Harriet V. Fields, insofar as they are asserted against the executrix, is granted. It is unnecessary, in view of this disposition, to consider the other grounds of said motion.

That branch of the motion which is addressed to the answer of Walter Fields and Adele Smith, and which seeks judgment in favor of the movant declaring her to be entitled to the funds in the possession of the petitioner, is, however, denied. (See opinion filed on motion by defendant, Harriet V. Fields, for judgment on the pleadings, 193 Misc. 770, decided simultaneously herewith.)

Settle order.