GEORGE L. ARMOUR, as Trustee under a Deed of Trust Made by BERNARD R. ARMOUR for the Benefit of GERALDINE R. THEIL and Others, Respondent, *v.* JOSEPH BROADMAN, as Ancillary Executor of GERALDINE R. THEIL, Deceased, et al., Respondents, and A. CHAUNCEY NEWLIN, as General Guardian of TOBY ARMOUR, an Infant, et al., Appellants.

First Department, March 2, 1954.

*A. Chauncey Newlin* of counsel (*Asbury Hayne de Yampert* and *Harold A. Wescott* with him on the brief; *White & Case,* attorneys), for A. Chauncey Newlin, as general guardian of Toby Armour, appellant.

*William F. Bleakley* of counsel (*J. Robert Bleakley* and *Charles L. Brieant, Jr.,* with him on the brief; *Bleakley, Platt, Gilchrist & Walker,* attorneys), for William F. Bleakley, as general guardian of Ruth Armour, an infant, and another, appellants.

*James J. Crisona,* as guardian ad litem for Ruth Armour and another, infants, respondents.

*Herman B. Goodstein,* as guardian ad litem for Rachel Armour, an infant, respondent.

*Stephen P. Duggan, Jr.,* of counsel (*Simpson, Thacher & Bartlett,* with him on the brief; *Lewis & MacDonald,* attorneys), for George F. Lewis, Jr., and others, as executors of Bernard R. Armour, deceased, respondents.

*Murray I. Gurfein* of counsel (*Christopher J. Taylor* and *James F. Cahill* with him on the brief; *Judd & Gurfein,* attorneys), for George L. Armour, as trustee, respondent.

Bastow, J. This action was brought in the Supreme Court by the trustee of an *inter vivos* trust for the settlement of his accounts. Application was made for permission to settle and compromise certain issues presented by the pleadings. The application was based upon a compromise agreement made between the plaintiff trustee and the special guardians for the infant beneficiaries, who were over fourteen years of age. An order was made approving the compromise agreement and a judgment entered settling the accounts of the trustee. The notices of appeal of the general guardians of the infants state that the sole issue raised is whether the lack of written consent of the infant beneficiaries requires a reversal of the order approving the compromise and the judgment settling the accounts of the trustee. It is claimed that such consents are required by the provisions of paragraph (b) of subdivision 4 of rule 294 of the Rules of Civil Practice.

At the time the present Civil Practice Act was enacted in 1920 the Legislature provided for a convention representing the judiciary and the Bar to consider and adopt rules of civil

practice not inconsistent with the Civil Practice Act or the Judiciary Law (L. 1920, ch. 902, as amd. by L. 1921, ch. 370). The convention in 1921 adopted the Rules of Civil Practice which superseded the previous General Rules of Practice. Among the new rules adopted was rule 294 which provided that '' On any application for the approval by the court of a settlement of a cause of action belonging to an infant, the court shall require the attorney so applying to disclose his relation to the defendant, and whether he has become concerned in the application or its subject matter at the instance of such defendant, or has received or is to receive any compensation from such defendant and the amount thereof, or has had any part in negotiating such settlement; and thereupon, if the court or judge deem it necessary, a full examination may be had into all the facts regarding the reasonableness and propriety of such settlement.''

In the following years confusion arose as to the procedure to be followed in the settlement by compromise of the increasing number of tort claims of infants arising from automobile accidents. The Judicial Council in its Fourth Annual Report (1938) recommended amendment of rule 294 and stated its reasons (pp. 50, 51). The recommendation was renewed in the following year (Fifth Annual Report of N. Y. Judicial Council, 1939, pp. 46, 47). The rule was amended in 1939 to prohibit the practice whereby attorneys represented infant plaintiffs at the request of defendants to effectuate settlement. A further amendment in 1940 amplified the meaning of the 1939 amendment to the rule by permitting, with proper safeguards to the infant's interest, defendant's attorney to prepare the papers necessary for the application for court approval.

These amendments failed to solve the problems arising in tort cases (cf. *Bose* v. *Wehrli,* 186 Misc. 325, and *Laudato* v. *Landgarten,* 186 Misc. 337). The Judicial Council in its Thirteenth Annual Report (1947) recognized the problems and recommended the enactment of what is now article 80 of the Civil Practice Act and the further amendment of rule 294. The problem was posed in the opening sentence of the council's introductory remarks where it was said that '' An individual who desires to settle a claim against him for injury to the person or property of an infant or for breach of his contract with an infant, is faced with the problem of obtaining a release which will bind the infant after he attains his majority.'' (P. 195.) The recommended amendments to rule 294 were based on the practice laid down in *Lentine* v. *Jacobs* (137 Misc. 403),

which required that in settlements in the City Court of New York there should be submitted, among other things, the acknowledged consent of the infant if he was over fourteen years of age.

The Legislature, by chapter 366 of the Laws of 1947, enacted article 80 of the Civil Practice Act, which provided for the settlement of an infant's claim " for damages for personal injury, injury to property or for breach of contract ". (§ 1320.) It was further provided in section 1321 that " When the application is made on behalf of an infant of the age of fourteen years or older, the infant must join therein." Similarly, section 203 of the Civil Practice Act for many years has provided that a guardian ad litem must be appointed upon the application of the infant if he is of the age of fourteen years or upwards.

Thereafter, and on October 15, 1947, rule 294 was amended. A new and elaborate proceeding was set up for the compromise or settlement of infant's claims. It was stated in subdivision 4 that the papers upon an application to compromise and settle an infant's claim or cause of action should consist, among other papers, of " the acknowledged consent of the infant if fourteen years or older, if * * * made in a pending action ".

Considering the historical background of rule 294, it seems clear that it was not the intent of the rule makers that an infant over fourteen years of age should have an absolute power of veto of a proposed compromise settlement of his claim or cause of action by refusing to execute a written consent thereto. The inherent jurisdiction over infants and their estates was in the Court of Chancery and is now vested in the Supreme Court (Civ. Prac. Act, § 64; *Matter of Hubbard,* 82 N. Y. 90). The construction the appellants ask us to place upon the rule would amount to a partial surrender of this jurisdiction to the infant. We conclude that this subdivision of the rule requiring such consents was a procedural provision and did not mandate the court in an action such as this to disapprove the compromise settlement upon the sole ground that the acknowledged consents of the infants over fourteen years of age were withheld.

Upon this appeal no question is raised as to whether the compromise settlement was for the best interests of the infant beneficiaries and there is no issue presented that the settlement was wrong on the merits or improvidently made. The appellants, including the infant who has reached her majority, do not ask, as of course they could not on this limited appeal, that this court should take any action in the exercise of its judicial discretion. The order and judgment, insofar as appealed from, should be affirmed.

Cohn, J. (dissenting). At the time of the execution of the alleged compromise agreements, the three infants affected thereby were over the age of fourteen years; Ruth Armour was twenty years of age; Rachel Armour was nineteen and Toby Armour was sixteen. Under paragraph (b) of subdivision 4 of rule 294 of the Rules of Civil Practice it is required that the acknowledged consents of infants over the age of fourteen years whose rights are sought to be compromised in a lawsuit, must be attached to the compromise agreement. In this record there is no evidence that such consents were ever solicited or obtained. Without such written consents, the compromise agreements may not be approved, and the judgments and orders appealed from, which are based upon these agreements, are erroneous.

Rules of Civil Practice adopted pursuant to section 83 of the Judiciary Law, unless they are inconsistent with a statute or constitutional provisions, have the force and effect of law (*Matter of Moore,* 108 N. Y. 280) and are binding on those courts to which they apply (*Matter of Wills,* 162 App. Div. 775; *Laudato* v. *Landgarten,* 186 Misc. 337, 340, *supra*).

Quite apart from the fact that the amounts involved might represent adequate compensation for the claims asserted, and without in any manner reflecting upon the services rendered by the special guardians and their recommendations with respect to the settlement, the judgments here should not be permitted to stand because of failure to comply with the Rules of Civil Practice, which have the force and effect of statute.

Accordingly, I dissent and vote to reverse the orders and judgments appealed from.

Peck, P. J., Dore and Breitel, JJ., concur with Bastow, J.; Cohn, J., dissents and votes to reverse in opinion.

Judgment and order, so far as appealed from, affirmed, with costs. Settle order on notice.