Eugene Bbisach, J.
This motion and motion No. 9 of the same date are considered together and disposed of as hereinafter indicated.
Petitioners separately purchased material from respondent for manufacture into neckties. The purchases were made in each instance under three separate orders dated May 19, 1953, July 30,1953 and August 12,1953. The July 30,1953 order was modified on October 19, 1953. Respondent instituted separate arbitration proceedings with each petitioner on the last order by a notice dated January 19, 1954. By order to show cause, dated March 1, 1954, petitioners moved this court for an order consolidating with each other the arbitration proceedings instituted by this respondent against each of the petitioners and including in the consolidated proceedings disputes between all of said parties with respect to the contracts between them growing out of the contract specified by the respondent in the notice dated January 19, 1954, i.e., the July 30, 1953 contract, as modified in October, 1953 and the contracts of May 19 and August 12,1953. This motion was denied by Mr. Justice Dineen without prejudice to a renewal after petitioners had instituted arbitration proceedings. Petitioners instituted such proceedings by a notice dated March 23,1954, and then moved by notice of motion dated March 25, 1954, for an order consolidating all proceedings between respondent and petitioners growing out of the contracts to which reference has been previously made. Mr. Justice Di Falco denied this motion on the ground that, in the absence of an agreement so providing, respondent could not be compelled to arbitrate “in a joint and single proceeding with petitioners which have separate and independent agreements ”. In the same order Mr. Justice Di Falco denied respondent’s cross motion seeking to stay the arbitration instituted by petitioners on the grounds that no arbitrable issues existed except with respect to the contracts on which respondent had initiated arbitration. Reliance was placed on article 4 of the agreements containing a short Statute of Limitations. On appeal the Appellate Division (283 App. Div. 1049) affirmed the order of Mr. Justice Dr Falco.
Petitioners have now served separate notices each seeking to include in the proceeding instituted by it the claimed grievances arising under the two sets of three agreements to which reference has been made. Respondent moves by way of order *372 to show cause to vacate and set aside the notices to arbitrate and to sever the proceedings so that there shall be separate arbitrations as to each agreement with each petitioner. Petitioners cross-move seeking to have the proceeding instituted by respondent and that instituted by them, by the notices of July 8, 1954, which respondent would vacate, consolidated. Respondents also seek an order directing’ that all disputes between each petitioner and the common respondent be disposed of in two separate arbitration proceeding’s, one between each petitioner and said respondent.
As matters now stand it has been held that respondent cannot be compelled to arbitrate jointly with both petitioners. Open ■for disposition is the question of whether or not in the separate proceeding with each petitioner there should be consolidation of all arbitrable claims between each said petitioner and the common respondent. This is all that remains. The existence of an arbitrable dispute with respect to those contracts as to which respondent did not institute arbitration proceedings has been disposed of. It is not clear that, in affirming the order of Mr. Justice Di Falco, the Appellate Division held that as between each petitioner and the common respondent, all arbitrable disputes could be disposed of: — the order of Mr. Justice Di Falco did not so hold in any event.
That branch of respondent’s motion seeking to vacate the notice of arbitration is granted as to so much of the notice to arbitrate served by each petitioner on July 8, 1954, which demands arbitration under the contract of July 30, 1953, as the same may or may not have been modified by the alleged agreement of October 19, 1953. This branch of the motion is otherwise denied.
Under section 96 of the Civil Practice Act there can be no question of the power of this court to consolidate proceedings. If there were pending before this court at this time applications to confirm or vacate the awards made in separate arbitration proceedings the exercise of the power granted under this section would depend on the nature of the relief granted by arbitrators and whether or not substantial rights would be prejudiced by consolidation. At this stage of these proceedings we have, as between each petitioner and the common respondent, two separate proceedings, each instituted by respondent and each concerned with the July 30, 1954 proceeding and, as between the same parties, two additional separate proceedings involving in each instance issues arising under separate contracts dated May 19, 1953 and August 12, 1953. By the terms of all the contracts each arbitration is to proceed before the same tribunal. In such circumstances it would seem at first impression that the *373 manner of hearing and disposing of the issues in each of the proceedings between each petitioner and the common respondent would be a matter for the arbitrators since, by its very nature, this is a procedural matter within their province. Consideration, however, of the limited grounds upon which arbitration awards may be vacated (Civ. Prac. Act, §§ 1462, 1462-a) when the parties thereto have participated in such proceedings, leads to the question of the relief which would be available to petitioners should respondent’s proceeding be first disposed of favorably to it and a motion made to confirm this award prior to disposition of the petitioners’ claims, by the same or another panel of arbitrators. Failure of the arbitrators to dispose of the proceedings instituted by petitioners would not be a ground under either Civil Practice Act sections 1462 or 1462-a for vacating the award. Staying execution of any judgment entered upon confirmation of such an award pending the confirmation of the award in the petitioners’ proceedings would be of little benefit to either petitioners or respondent, yet no other relief appears available to accomplish what the justice of the situation would require, particularly if each side prevailed in the proceeding instituted by it. For these reasons, in this situation, consolidation at this stage of the proceedings is deemed advisable and is hereby directed. The order shall provide that the proceedings between each petitioner and the common respondent shall be consolidated into two separate proceedings between these parties in each of which the issues respecting the three contracts shall be arbitrated. Such order may provide that the disputes on each contract be separately heard and the award under each contract separately stated with the final award being made in favor of either party for the difference between the amounts due each on each separate agreement. The motion and cross motion are each granted and denied as above set forth.
Settle order.