In the Matter of the Arbitration between ADAM CONSOLIDATED INDUSTRIES, INC., Respondent, and MILLER BROS. HAT CO., INC., Appellant.

First Department, December 2, 1958.

*Philip Mandel* of counsel (*Golden, Wienshienk, Rosenthal & Mandel,* attorneys), for appellant.

*Robert J. Ruben* of counsel (*Manning, Hollinger & Shea,* attorneys), for respondent.

*Per Curiam.* The facts are sufficiently stated in the opinion of Mr. Justice STEVENS to obviate the need for repetition.

The problem submitted for resolution is twofold: first, whether the Supreme Court has the power to consolidate arbitration proceedings; second, if such power resides in the court, whether Special Term properly exercised judicial discretion in directing the consolidation of two pending arbitration proceedings.

With respect to the first question posed, we are unanimous in holding that the power to consolidate arbitration proceedings does reside in the Supreme Court, and we can add nothing to the careful analysis by Mr. Justice STEVENS on that proposition.

It is on the second phase of the issue before us that there is a division in the court. We find no abuse of judicial discretion in the determination made at Special Term directing consolidation. An examination of the claims and counterclaims in each of the proceedings clearly indicates that the issues in dispute are substantially the same in both, except that the second covers a period of time extending beyond the first.

Since hearings *de novo* must now be held in the initial proceeding because of the withdrawal of the arbitrators, no useful purpose can be served by conducting two separate hearings before different arbitrators upon virtually the same issues. In the present status of the matter, the parties may, in conformity

with the association rules, select arbitrators of their choice to dispose of the claims and counterclaims now pending. Thus there will be no overlapping of the same issues in separate and distinct proceedings.

It is suggested that an affirmance may result in an effort to include disputes which may have arisen since the second arbitration was demanded. We should not assume that other differences have occurred and that the parties will endeavor to perpetuate the arbitration indefinitely. If any such attempt is made, an appropriate remedy will be available. We do not anticipate that the disputants will ignore the advantages of a prompt resolution of their differences.

The order should be affirmed on the law and in the exercise of discretion, without costs.

STEVENS, J. (dissenting). This is an appeal from an order granting a motion to consolidate two arbitration proceedings.

The parties by two written agreements dated December 29, 1954 and January 5, 1955, respectively, which both feel should be treated as one agreement, provided for certain rights and obligations to and upon each for the manufacture and sale of hats of various types and descriptions. Each agreement contained a broad arbitration clause.

Thereafter differences arose between the parties and on September 27, 1956, Adam Consolidated Industries, Inc., petitioner-respondent, herein called Adam, initiated arbitration proceedings against Miller Bros. Hat Co., Inc., herein called Miller. Additional claims and counterclaims were filed. Three arbitrators were selected and over an extended period of time seven hearings were held.

The arbitrators were serving without compensation and on January 8, 1958, they withdrew because of personal commitments. Proceedings were suspended while the parties sought new arbitrators.

On December 19, 1957, while the first arbitration was pending, Miller filed a demand for a second arbitration of two claims arising under the agreements which it alleged occurred after the commencement of hearings upon the first arbitration, and which involved a different period of time, the year 1957.

Adam contended substantially similar issues were involved in the second demand, and sought, before the American Arbitration Association, herein called Association, to consolidate the proceedings. Its application was denied, the Association pointing out that Miller contended the claims involved separate and distinct breaches of the contract. Under the circumstances it

could not consolidate the claims "unless directed to the contrary by an order from the appropriate court."

Adam moved in the Supreme Court to consolidate the proceedings and its motion was granted. The present appeal from that determination poses two questions: (1) Does this court have power to consolidate arbitration proceedings? (2) If so, should it direct a consolidation in this case? Or, to express it differently, if it be determined to be a matter of discretion, was this discretion abused by the order of consolidation?

Section 1459 of the Civil Practice Act entitled "Arbitration a special proceeding" provides in part:

"Arbitration of a controversy under a contract or submission described in section fourteen hundred forty-eight shall be deemed a special proceeding, of which the court specified in the contract or submission, or if none be specified, the supreme court for the county in which one of the parties resides or is doing business, or in which the arbitration was held, shall have jurisdiction."

Unless authority to consolidate is found in the statute the power may not be exercised. (*Matter of Big W. Constr. Corp.* v. *Horowitz,* 278 App. Div. 977, 978; *Mayor* v. *Coffin,* 90 N. Y. 312.)

"A special proceeding may be severed and special proceedings may be consolidated whenever it can be done without prejudice to a substantial right." (Civ. Prac. Act, § 96.)

Unless there is something peculiar to arbitration proceedings, either in the nature or the process, it would seem that this court has the power to consolidate in its discretion, subject only to the limitation that it be without prejudice to a substantial right.

An answer to that question might be found by reference to the earlier provisions of the statute dealing with arbitration. It should be pointed out that the statute is not exclusive and the right of arbitration under common-law principles and rules still exists. (See *New York Lbr. & Wood Working Co.* v. *Schnieder,* 119 N. Y. 475 [1890].)

In 1791, the Legislature pointing out that "it hath been found by experience, that references made by rule of court, have contributed much to the ease of parties, in determining their differences", enacted a law entitled "An Act for determining differences by arbitration." The act provided, in part, that it shall and may be lawful for parties to agree that their submission to arbitration be made a rule of any court of record in this State: that upon compliance by the parties with certain preliminaries the court may make such a rule that the parties

submit to and be finally concluded by arbitration. Disobedience was punishable as a contempt. (L. 1791, ch. 20, p. 219.)

Later, the scope of arbitration was extended and it was provided that judgment be entered upon the award, and that execution might issue thereon. (1 Rev. Laws of N. Y., p. 125, § 1, repeated in 2 Rev. Stat. of N. Y. [1st ed.], part III, ch. VIII, tit. XIV, p. 541.) Of especial interest is section 22, "Nothing contained in this Title [tit. XIV, of Arbitrations], shall be construed to impair, diminish, or in any way affect the power and authority of the court of chancery over arbitrators, awards, or the parties thereto; nor to impair or affect any action upon any award, or upon any bond or other engagement to abide by an award." (2 Rev. Stat. of N. Y. [1st ed.], p. 544.)

The Reviser's Reports and Notes on section 22 observes, "It is intended not to diminish the power of the court in peculiar and equitable cases, nor to affect actions on bonds or awards." (3 Rev. Stat. of N. Y. [2d ed.], p. 775.)

In 1852 we find the language of section 22 repeated except that the words "supreme court" are substituted for the words "court of chancery." (2 Rev. Stat. of N. Y. [4th ed.], p. 776.)

Identical language was used in 1875 in section 22 (3 Rev. Stat. of N. Y. [6th ed., Banks & Brothers], p. 846). Section 22 dealt with the "construction of this title" (tit. XIV, Arbitrations).

By 1890, section 22 had undergone a change in language and was substantially as it appears in section 1469 of the Civil Practice Act today. (See Bliss Anno. C. C. P., § 2386; Chase's Code Civ. Proc., § 2386 [1920].)

The court in construing the effect of the provisions of the early arbitration statute (2 Rev. Stat. of N. Y., p 541 et seq.) when read together with the language of section 22, said: "The intention of these provisions seems to me very plain. Either of the parties may, if they see fit, resort to the court named in the submission in a summary way, to set it aside on the one hand, or to confirm it and give judgment upon it on the other. But the party complaining is not to be precluded from availing himself of the more ample powers of the Court of Chancery, if he considers it for his interest to resort to them; nor is the party in whose favor the award is made to be barred of his common law action on the award, or on the submission." (*Burnside* v. *Whitney*, 21 N. Y. 148, 150 [1860].)

In 1890 the court spoke of an award, properly rendered, as a "complete bar to the maintenance of any action upon the original right or cause", because such right merged in the award. And noted "The presumption should be strongly upheld by the courts that the arbitrator's decision was a final

adjustment of all matters in controversy '' (*New York Lbr. & Wood Working Co.* v. *Schneider*, 119 N. Y. 475, 479, 481). This was a submission under common-law principles and rules and a later attempt to file and enforce a mechanic's lien.

Research has failed to produce a decision by an appellate court of this State squarely in point. In *Matter of Franc, Strohmenger & Cowan Co.* (14 Misc 2d 370) where there were two petitioners and a common respondent, and there were three proceedings between each petitioner and the respondent, the court directed that the proceedings of all arbitrable issues be consolidated so that there remained only one separate proceeding between each petitioner and the respondent.

Arbitration is a matter of remedial procedure (*Garrity* v. *Bagold Corp.*, 267 App. Div. 353, 355; Civ. Prac. Act, § 1451) which, under the statutory provisions, must rest initially upon written agreement (Civ. Prac. Act, § 1449). It is a proceeding where the parties by such agreement substitute '' for the courts an informal tribunal of their own choice in the settlement of a controversy ''. (*Matter of Fletcher*, 237 N. Y. 440, 451; *Matter of Stern*, 285 N. Y. 239, 242.)

Power resides in the courts to determine if a contract or submission was made, if there is a dispute, and if there is a failure or refusal to arbitrate. (*Matter of International Assn. of Machinists* v. *Cutler-Hammer*, 271 App. Div. 917, affd. 297 N. Y. 519.) The court may order parties brought in (*Starr* v. *O'Rourke*, 5 Misc 2d 646; Civ. Prac. Act, §§ 192, 193), direct arbitrators to proceed promptly with the hearing (Civ. Prac. Act, § 1454, subd. 3) and under certain conditions it may also name an arbitrator (Civ. Prac. Act, § 1452). In the exercise of its powers it may vacate, modify or correct an award (Civ. Prac. Act, §§ 1462, 1462-a).

As pointed out earlier the statute is not exclusive and the parties may still elect arbitration based on common-law rules and principles. While there are some provisions of the Civil Practice Act which apply to common-law arbitrators as well (*Hinkle* v. *Zimmerman*, 184 N. Y. 114, 116; Civ. Prac. Act, § 1455), one of the distinctions of considerable importance deals with the validity, effect and enforcement of an award.

Where the arbitration does not proceed under the statute, the award can be enforced only by an action for judgment on the award.

But where the statutory procedure is availed of judgment may be entered on the award which '' has the same force and effect, in all respects as, and is subject to all the provisions of

law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." (Civ. Prac. Act, § 1466.)

Since the parties are allowed to avail themselves of the machinery of the courts when they proceed under the statute, the power resides in the courts to avoid unnecessary duplication, repetition or abuse of its facilities where the issues could be resolved fairly and properly in a single proceeding. "The purpose of section 96 is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights." (*Datz* v. *Economy Cotton Goods Stores*, 263 N. Y. 252, 254.) The statutory limitation is that such consolidation can be directed only "whenever it can be done without prejudice to a substantial right" (Civ. Prac. Act, § 96). Considering this [power] together with the earliest intention of the Legislature as expressed in statutory enactment that it [arbitration] is for the ease of the parties (L. 1791, ch. 20), and remembering that arbitration is designed to "provide a method by which controversies may be determined speedily and without the technicalities which at times may be invoked to hinder the administration of justice" (*Sandford Laundry* v. *Simon*, 285 N. Y. 488, 495), it seems clear that any intervention by the courts directing consolidation should be only upon a showing that there exists a clear necessity therefor.

Resolution of the question, should consolidation be directed in the instant case, is much simpler. Here the contracts are complex and are to cover a period of several years. Indeed, some provisions were of indefinite duration because a perpetual license had been granted. It was contemplated that differences might arise from time to time requiring arbitration from time to time. And so, each specific controversy might dictate the type of arbitrator desired. If each difficulty were to be consolidated with a pending arbitration, no single issue would ever be resolved. Moreover the first arbitration, though suspended, had gone beyond the preliminary steps. It might be noted in passing that the parties elected to submit to arbitration "under the rules and procedures of the American Arbitration Association", which cannot consolidate claims where one party contends "these claims involve separate and distinct breaches of the contract between the parties." Indeed, it appears that these claims involve separate and distinct breaches albeit of the same contract.

There is no clear showing of the necessity for consolidation. Absent that, there is no reason why a limitation should be imposed upon the parties by consolidation. I therefore dissent

from the majority insofar as they affirm the order of consolidation and vote to reverse and vacate the order.

M. M. Frank, Valente and McNally, JJ., concur in *Per Curiam* opinion; Stevens, J., dissents in opinion in which Rabin, J. P., concurs.

Order affirmed on the law and in the exercise of discretion, without costs.