Irving H. Saypol, J.
After submission by the petitioners of their application for settlement of inter vivos trustees ’ accounts (Civ. Prac. Act, art. 79)., but before answer (Civ. Prac. Act, § 1312), all the interested parties, including the special guardian ad litem for infant remaindermen, have applied themselves to the question of adjustment of various collateral controversies. Most important among the latter is that concerning the pending plenary action by the settlor to invalidate the larger of the two trusts.
A proposed compromise has been reached. The details have been laid before the court in a proposed agreement, together with memoranda of law. Substantially, the settlement contemplates withdrawal of the plenary action, settlement of the trust *598 accounts which are immediately sub judice, partial revocation and modification of the trusts, withdrawal of pending appeals by the settlor of other unsuccessful attacks against both trusts, disposition of disputed questions of compensation for attorneys in the prior litigation, and fixation of compensation for the various attorneys. It is recommended to the court that the guardianship be extended to unknown and unborn persons and procedurally that consolidation of the action and special proceeding be directed to effectuate the agreement.
Revocation of a trust of personal property, in whole or in part, is authorized by section 23 of the Personal Property Law (Carlebach v. Central Hanover Bank & Trust Co., 269 App. Div. 45, 47). When the settlor and those beneficially interested under the trust are agreed on revocation, public policy favors facilitation (Matter of Peabody, 5 N Y 2d 541, 545, citing 1951 Report of N. Y. Law Rev. Comm., p. 85). There is no authority in law for consolidation of an action with a special proceeding under article 79 of the Civil Practice Act (Matter of Adam Ind. [Miller Bros. Hat Co.], 6 AD 2d 515, 517, citing Matter of Big W. Constr. Corp. v. Horowitz, 278 App. Div. 977, 978; Matter of Salkin, 9 Misc 2d 708, 710 [Lupino, J.], affd. without opinion 6 A D 2d 1011), nor may the trust be modified in the present state of the special proceeding as shown by the petition therein, as for instance by setting the compromise up in the answer. Cross claims or counterclaims are not authorized in this special proceeding under article 79 of the Civil Practice Act (Matter of Fields, 193 Misc 781, 782 [McNally, J., now Associate Justice, App. Div., 1st Dept.], affd. 276 App. Div. 835). The special proceeding and the plenary action must be litigated independently.
Counsel should proceed on their compromise by submitting the proceeding on consent, ex parte, for leave to compromise the pending plenary action. This will incorporate the request for approval of the court in behalf of the interests of the infants (Rules Civ. Prac., rule 294; Armour v. Broadman, 283 App. Div. 351, affd. without opinion 307 N. Y. 896).
The special proceeding to settle the trust accounts will be held in abeyance pending the submission of the compromise proceeding. The parties, if they be so advised, have leave to state to the Justice then presiding at Special Term, Part II, of this court, that, agreeable to him, the compromise proceeding may be referred to me.