In the Matter of the Arbitration between BIG W. CONSTRUCTION CORP., Appellant; and SAMUEL HOROWITZ et al., Copartners Doing Business as HOROWITZ & RUBIN, Respondents.— On July 19, 1949, and July 28, 1949, petitioner contracted with respondents to perform the plumbing, heating, and oil burner work on two construction projects in Queens County. Each contract contained a clause that "Any controversy or claim arising out of or relating to this contract or any breach thereof shall be settled by arbitration". On April 22, 1950, petitioner terminated the contracts and thereafter engaged others to complete the work at a cost greater than the balance due respondents

under their contracts. On July 12, 1950, respondents commenced an action in Kings County against eight defendants, including petitioner, for damages for fraud. Petitioner then moved in that action under section 1451 of the Civil Practice Act for a stay of all proceedings on the ground that the issues in the action were referable to arbitration under the contracts. Before the decision on the motion, respondents served an amended complaint based on rescission of the contracts containing the arbitration clause. Petitioner then withdrew its motion under section 1451 of the Civil Practice Act in the Kings County action and instituted a proceeding in Queens County under section 1450 of the Civil Practice Act to compel arbitration. This is an appeal by petitioner from so much of an order made in the Queens County special proceeding which granted respondents' motion for consolidation of the Queens County special proceeding to compel arbitration with the Kings County action based on rescission. Order, insofar as appealed from, reversed on the law and the facts, with $10 costs and disbursements, and motion for consolidation denied, without costs, with leave to appellant, if so advised, to renew its motion in the Kings County action under section 1451 of the Civil Practice Act. Unless authority to consolidate is found in the statute, the power may not be exercised. (*Mayor* v. *Coffin*, 90 N. Y. 312; *Miller* v. *Baillard*, 124 App. Div. 555.) Section 96 of the Civil Practice Act provides for the consolidation of two or more actions with each other, and for the consolidation of two or more proceedings with each other, but there is no provision for the consolidation of an action with a special proceeding. Even if there were such power, in the absence of express statutory authority, the power should not have been exercised in this case because to do so deprives petitioner of its rights to an immediate trial of the preliminary issue of fraud in the making of the contracts to arbitrate, which issue must be tried first. (*Matter of Newburger* v. *Gold*, 229 App. Div. 572, affd. 255 N. Y. 532; *Boudin* v. *Clarren*, 289 N. Y. 724; *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 79; *Matter of Aqua Mfg. Co.* [*Warshow & Sons*], 179 Misc. 949, affd. 266 App. Div. 718; *Matter of Gruen* v. *Carter*, 173 Misc. 765, affd. 259 App. Div. 712; *Matter of Mfrs. Chem. Co.* v. *Caswell, Strauss & Co.*, 259 App. Div. 321, appeal dismissed, 283 N. Y. 679.) However, the trial of that issue must be had on a motion for a stay in the Kings County action under section 1451 of the Civil Practice Act because that is petitioner's exclusive remedy. (*American Reserve Ins. Co.* v. *China Ins. Co.*, 297 N. Y. 322.) Johnston, Adel, Wenzel and MacCrate, JJ., concur; Nolan, P. J., concurs in result.