Vincent A. Lupiano, J.
This is a motion, pursuant to section 167 of the Civil Practice Act, by the donor beneficiary of an inter vivos trust to stay the proceeding by the trustee to settle his account.
The question to be determined is whether the court, in its discretion, should stay a trust accounting when simultaneously therewith the objectant thereto has instituted a conspiracy action against the trustee, and others, involving common issues and similar relief to that sought by the objectant in the trust accounting.
The facts are that in 1944, pursuant to the terms of a trust indenture, the trustee invested the corpus of the trust in Presto Lock Company as a limited partner. In 1953 an intermediate accounting by the trustee was settled by an order of the court without objection. In November, 1956, the trustee instituted this proceeding for an intermediate accounting and stipulations extending the beneficiary’s time to object were ordered by this court. During this period it appears that various negotiations between the beneficiary and the trustee and other partners of Presto to settle their differences were unsuccessful. In April, 1957, after a substitution of attorneys by the beneficiary, objections and counterclaims were filed and contemporaneously therewith the beneficiary instituted a conspiracy action against six defendants, including the trustee, who, were either partners in Presto Lock Company or Sosy Company, a companion company sharing a common business interest with Presto. The trustee then filed a supplemental accounting seeking a final settlement of the trust and seeking to be relieved of his duties as trustee.
The beneficiary argues that all the issues can be decided in the conspiracy action and that unless the trust accounting proceeding is stayed he will be greatly prejudiced because the trustee and the other defendants would gain a tactical advantage by obtaining fragmentary adjudications of all the issues instead of a trial of the entire controversy. The trustee asserts that he has a right to an immediate adjudication of his accounting.
*710 It appears that the relief sought by the beneficiary in the conspiracy action and the special proceeding is similar. In both, he demands general damages, a dissolution of the partnership, an accounting, rescission of the trust indenture and a surcharge of the trustee. There are also certain common issues alleged in both suits. The objections in this special proceeding charge the trustee with fraud, breach of fiduciary obligation by favoring the interests of the other partners above his own, and by conspiring with the partners to wrongfully interfere with the beneficiary’s financial interest in the company. The complaint charges the partners with conspiracy to wrongfully interfere with the beneficiary’s financial interest and conspiracy to induce the trustee to breach his fiduciary obligations.
While it would seem that a consolidation might well resolve the problem here presented, section 96 of the Civil Practice Act does not permit a consolidation of an action and a special proceeding. (Matter of Big W. Constr. Corp. v. Horowitz, 278 App. Div. 977.) The same rationale would also prevent a joint trial, provided in section 96-a of the Civil Practice Act, of an action and a special proceeding.
However, a stay of the special proceeding would not achieve the same result as a consolidation. If consolidation were permitted the trustee would be able to continue with the adjudication of his account, but if this court were to stay his petition -for an accounting, the trustee would be in the unenviable position of being forced, by operation of law, to remain in a position of fiduciary responsibility and fidelity which he now finds undesirable and burdensome.
The special proceeding to settle a trustee’s account was enacted in 1944 as article 79 of the Civil Practice Act. Its purpose was to provide a more expeditious procedure for the settlement of trustees ’ accounts. (Ninth Annual Report of N. Y. Judicial Council, 1943, pp. 307-314.) It did not, however, change the inherent nature of the action which is in equity.. (1 Scott on Trusts, § 1.) Historically, it permitted a trustee to voluntarily petition the Chancellor to review his record and approve or disapprove his actions in furtherance of his trust. Sound policy has always dictated that this practice be encouraged so that courts may keep an ever watchful eye upon the work of trustees in general. It would seem that to stay these proceedings would have just the adverse effect.
In this case, it appears that the trustee and the beneficiary are now unable to resolve their differences and there is great feeling of hostility on both sides. Under such conditions, the trustee has *711 undoubtedly found it unsatisfactory to continue to discharge faithfully his duties and properly seeks to be relieved of his office. He has an inherent right to. do this as quickly and expeditiously as he desires. As Professor Scott has said in his treatise on Trusts, “ The right of the trustee to a settlement of his accounts is of importance to him since the effect is to give him protection against further litigation with respect to matters included in the accounting. The approval of his accounts in a proceeding properly brought gives him the defense of res judicata as to matters within the scope of the accounting. The trustee is not protected, however, if in rendering the account he has been guilty of fraud or fraudulent concealment (3 Scott on Trusts, § 260, p. 2029.) Moreover, there is a privity between the trustee and the donor beneficiary which is not found in the conspiracy action. The relationship of trust and fidelity transcends all other issues of tortious conduct alleged in the conspiracy action. The question of any breach of this fiduciary relationship must first be resolved.
Nor will the beneficiary be prejudiced by a failure to stay this proceeding. If his objections are sustained, it might well be that the total damages assessed could be paid by the trustee. If the trustee cannot pay, the beneficiary may still proceed against the other co-conspirators fortified with all the facts obtained in the accounting proceeding. If, of course, his objections are not sustained, it would seem that there is little likelihood that he could proceed with the conspiracy action as such adverse decision would be subject to the doctrine of collateral estoppel by judgment. (Israel v. Wood Dolson Co., 1 N Y 2d 116; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304; Statter v. Statter, 2 N Y 2d 668.) Thus, the basic -issue in the entire controversy can be decided in this proceeding.
The power to stay proceedings should be exercised sparingly and only when other remedies are inadequate and the equities involved are apparent and strong. (Croker v. New York Trust Co., 206 App. Div. 11.)
Accordingly the motion is denied. Settle order.