Nathaniel T. Helman, J.
Motion for a stay of proceedings now pending in the Domestic Relations Court, Family Court Division, is denied.
The plaintiff was awarded a decree of separation in this court on December 19,1960 in which the defendant was directed to pay plaintiff $260 per week together with other items for her support and maintenance and that of the infant issue of the marriage. In May of 1962 plaintiff moved to punish defendant for failure to comply with the order of separation and defendant cross-moved to be relieved of support payments under the aforesaid decree.
Determination of both motions was held in abeyance to await the report of the Special Referee as to the financial status of defendant. The initial hearing was held by the Special Referee on June 15,1962 and the matter was then adjourned for further hearings to September 24, 1962. It appears that on July 10, 1962, the plaintiff filed a petition in the Family Court in the County of New York for support of herself and the two children. On July 16, 1962 the Family Court assumed jurisdiction of the parties and on July 30, 1962 entered a temporary order requiring the defendant to pay monthly rent of $330 and $60 per week to the plaintiff for her support and that of the children. Extended hearings have held in both courts, so that at the present time, one year later, neither court has been in the position to render a verdict.
The defendant now complains that he is confronted with litigation in two courts involving identical issues.
In enacting the recent Court Reorganization Act, the Legislature provided concurrent jurisdiction under certain conditions, in both courts. By the provision of subdivision (a) of section 466 of the Family Court Act this court is authorized to refer to the Family Court issues involving enforcement or modification of its orders and decrees. By subdivision (b) of the same section this court is authorized to insert a specific provision in any order or decree granting alimony or support in an action for divorce, separation or annulment that such order or decree may be enforced or modified only in the Supreme Court. Lacking directions from the Supreme Court under subdivisions (a) or (b), the Family Court may under subdivision (c) of that section entertain an application to enforce such decree or to modify same because of a change in the circumstances of the parties. It may be noted that a similar provision of section 137 of the *1032 Domestic Relations Court Act of the City of New York (L. 1933, ch. 482) was adjudicated to be valid for the purpose of providing concurrent jurisdiction (Matter of Curry v. Curry, 275 N. Y. 553).
The Legislature gave careful consideration to the need for concurrent jurisdiction over these matters under special circumstances and this court will not stay the Family Court from entertaining a petition for support, or from holding hearings in support of such a petition (Matter of James, 175 Misc. 319, appeal dismissed 262 App. Div. 731).