Nathaniel T. Helman, J.
The plaintiff husband, in an action pending in this court, has moved to transfer a proceeding pending in the Family Court in which he is the respondent, to this court, and to consolidate it with the action in this court. The facts indicate that the wife left the marital abode on or about September 20, 1964 with the parties’ infant child. Thereafter, on March 27, 1965 a second child was born. She applied to the Juvenile and Domestic Relations Court of Essex County, New Jersey, where she is residing, on or about September 20, 1964, for support of herself and the issue. She was awarded $150 per week.
Under the Uniform Support of Dependents Law (New York Domestic Relations Law, art. 3-A) that proceeding was transmitted to our Family Court for investigation and enforcement. On or about February 15, 1965, the husband was summoned to appear in that court. Following the receipt of the Family Court *549 summons, and on or about March 4,1965, the husband commenced the action in this court seeking a judicial separation.
On these facts consolidation is denied. This court has already held that it would not stay a proceeding in the Family Court although there was a pending motion to punish a husband for contempt for failure to pay alimony pursuant to a decree of this court (Backar v. Backar, 39 Misc 2d 1030). Just as the decision there recognized the concurrent jurisdiction of this court and the Family Court, so, too, will it be allowed here.
No order of the Supreme Court having been made for support, the appropriate language of the Family Court applies, ‘ ‘ In the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of a child, the Family Court may entertain a petition and make an order for its support ” (Family Court Act, § 461, subd. [a]).
In addition, the action and proceeding do not have common questions of law. In the action here, support to the wife can only be allowed as an adjunct to the matrimonial action (Domestic Relations Law, § 236). Such is not the situation in the Family Court (Domestic Relations Law, § 32; Family Court Act, § 412). Furthermore, to grant consolidation would effect a stay of the order of the Family Court in violation of section 41-a of the Domestic Relations Law. “ No pending and undetermined action for divorce, separation, annulment, or dissolution or habeas corpus custody proceeding instituted by the respondent shall operate to stay any proceeding under this act against such respondent for support of a dependent.”
Finally, the Family Court matter is a special proceeding, originated by petition. The suit here is an action commenced by a summons and complaint. It has long been the law that the court will not consolidate an action with a special proceeding. Despite CPLR 105 (subd. [b]), this action and special proceeding should not be consolidated, as in the context of CPLR 602 (consolidation) it is not indicated that consolidation should be other than action with action and special proceeding with special proceeding.