In the Matter of DAVID ELIAS, Respondent, v. ARTISTIC PAPER Box Co., INC., et al., Appellants.

CHARLES S. GREENE, for Himself and All Other Shareholders, Similarly Situated, Appellant, v. ARTISTIC PAPER Box CORP., Appellant, and DAVID ELIAS, Respondent.

Second Department, December 29, 1967.

*Schwager, Landau & Krantz* (*Louis Scher, Irwin Krantz* and *Hamilton Lieb* of counsel), for appellants.

*Edward Vogel* for respondent.

SAMUEL RABIN, J. The principal question presented is whether it was proper for Special Term to consolidate an action with a special proceeding. A subsidiary question involves the right to conduct an examination before trial in a stockholders' derivative action.

The facts are not in dispute. On May 1, 1963, Charles S. Greene, David Elias and two others, as the sole stockholders of Artistic Paper Box Co., Inc., signed a stockholders' agreement. The agreement provided that there shall be unanimous consent of the signatories thereto " upon all matters of policy relating to the operation of the business" and further provided that the parties shall cause to be filed with the Secretary of State the necessary " amendments * * * to effect this unanimity provision ". On February 4, 1964, a certificate amending the original certificate of incorporation was filed with the Department of State which provided that unanimous vote by all of the members of the board of directors shall be necessary for the transaction of any business at any meeting of the board.

At a meeting of stockholders and directors held on April 12, 1967, by which time the said named individuals were the sole

remaining stockholders, Greene voted to hear charges against Elias, voted for the removal of Elias as an officer, director and employee of Artistic and further voted that Artistic institute legal proceedings against Elias. At this meeting Greene nominated and voted for the election of himself and certain others as directors and thereupon such directors elected two of their number as officers. Elias objected to the meeting, did not vote for any of the purported new directors and officers and objected to the elections, basing his objections on the requirements of the certificate of amendment.

On May 9, 1967, Elias instituted the special proceeding herein, pursuant to section 619 of the Business Corporation Law, as a "shareholder aggrieved by an election", seeking to have the elections of the new directors and officers declared null and void and to have the court order new elections. On the same day Greene instituted the shareholders' derivative action herein, naming Artistic and Elias as defendants, the gravamen of which is to restrain Elias from entering into and/or continuing in the employ of a certain other corporation or any other entity competitive with Artistic and to recover from Elias damages of $250,000. On the motion of Elias' attorney the special proceeding and the action were consolidated by an order dated May 24, 1967. Greene and Artistic appeal from that order (the appeal has been withdrawn as to a portion of the order which does not involve the questions here considered).

Appellants' basic contention is that it was improper to consolidate a special proceeding with an action. While it is true that such consolidation was not generally permitted under the former Civil Practice Act, we now hold that the consolidation of an action and a special proceeding under the successor extant statute in the CPLR is permissible within a court's discretion.

The predecessor of the present statute pertaining to consolidation was section 96 of the Civil Practice Act which read: "An action may be severed and actions may be consolidated whenever it can be done without prejudice to a substantial right. A special proceeding may be severed and special proceedings may be consolidated whenever it can be done without prejudice to a substantial right". This court interpreted section 96 as making no provision for the consolidation of an action with a special proceeding (*Matter of Big W. Constr. Corp* [*Horowitz*], 278 App. Div. 977). In that case, the plaintiffs commenced an action against eight defendants for rescission of two contracts. One of the defendants subsequently instituted a special proceeding to compel arbitration under a clause in each of the contracts. The plaintiffs in the action moved for consolidation of the special

proceeding with the action. The motion was granted, but this court reversed and denied consolidation, stating in relevant part (p. 978): " Unless authority to consolidate is found in the statute, the power may not be exercised. (*Mayor* v. *Coffin,* 90 N. Y. 312; *Miller* v. *Baillard,* 124 App. Div. 555.) Section 96 of the Civil Practice Act provides for the consolidation of two or more actions with each other, and for the consolidation of two or more proceedings with each other, but there is no provision for the consolidation of an action with a special proceeding ".

The question of consolidation of an action with a special proceeding was again specifically considered, prior to enactment of the CPLR, in a matter wherein the question under consideration was whether the court, in its discretion, should stay a trust accounting, which is a special proceeding, when during its pendency the objectant thereto instituted a conspiracy action against the trustee and others, involving common issues and similar relief to that sought by the objectant in the trust accounting (*Matter of Lipin,* 9 Misc 2d 708, affd. 6 A D 2d 1011). During the course of the learned Special Term's opinion in *Lipin,* denying a stay, it was stated by way of *dictum* (p. 710): " While it would seem that a consolidation might well resolve the problem here presented, section 96 of the Civil Practice Act does not permit a consolidation of an action and a special proceeding. (*Matter of Big W. Constr. Corp.* v. *Horowitz,* 278 App. Div. 977.) The same rationale would also prevent a joint trial, provided in section 96-a of the Civil Practice Act, of an action and a special proceeding." However, it must be stressed that both the *Horowitz* and *Lipin* decisions were governed by the pre-CPLR statute (Civ. Prac. Act, § 96).

The pivotal question at bar, which we now answer in the affirmative, is whether the successor statute, CPLR 602 (sub. [a]), intended to effectuate a change from pre-CPLR practice. The successor statute reads in pertinent part as follows: " When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." It is noted that in this new statute no specific reference is made to a " special proceeding ". The reason for this omission is clear. CPLR 105 (subd. [b]) states that " the word ' action ' includes a special proceeding ".

The only reported case which has specifically discussed the question of whether any change from the prior practice was intended under the CPLR is *Hanft* v. *Hanft* (46 Misc 2d 548).

In *Hanft* a husband instituted an action for separation in the Supreme Court after his wife had commenced a special proceeding in the Family Court for support. The husband moved to transfer the proceeding in the Family Court and to consolidate it with the separation action in the Supreme Court. The learned Special Term denied the motion, finding that the action and proceeding did not have common questions of law, but also observing as an additional reason for denying consolidation (p. 549): "It has long been the law that the court will not consolidate an action with a special proceeding. Despite CPLR 105 (subd. [b]), this action and special proceeding should not be consolidated, as in the context of CPLR 602 (consolidation) it is not indicated that consolidation should be other than action with action and special proceeding with special proceeding".

We do not agree with the *Hanft* construction of CPLR 602 (subd. [a]). There is no logical basis for construing the successor statute as not permitting such consolidation. On the contrary, we hold the consolidation of an action with a special proceeding under CPLR 602 (subd. [a]) to be proper when common questions of law or fact exist.

This conclusion coincides with the views expressed by two commentators who have discussed this precise question. Professor Joseph M. McLaughlin in his "Supplementary Practice Commentary" to CPLR 602 (McKinney's Cons. Laws of N. Y., Book 7B [part 2], 1967 Pocket Part, p. 23) comments as to the *Hanft* decision as follows: "This seems an unfortunate restriction on the power of a court to consolidate related litigations, and runs counter to the provisions of CPLR 105 (b) which states that the word 'action' appearing in the CPLR should be construed to include a special proceeding. A less restrictive reading of the statute would confer the discretion upon the court to order consolidation of actions with proceedings in a proper case. So long as the court's discretion is soundly exercised, it seems difficult to quarrel with such a liberal construction of the CPLR ".

In the well-respected Weinstein-Korn-Miller treatise on the CPLR it is stated: "The word 'actions' in CPLR 602 should * * * be interpreted to include special proceedings. This means that special proceedings may be consolidated *as may special proceedings and actions.* * * * Added support *for the consolidation of actions and special proceedings* for all purposes may be found in CPLR 103(c), permitting the court to change the form of a civil judicial proceeding " (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 602.18 [emphasis added]).

In line with this present trend favoring easier consolidations,

the First Department has sanctioned the consolidation of an action and a special proceeding under CPLR 602 (subd. [a]) where common questions of law and fact existed (*Schuster* v. *490 West End Corp.*, 26 A D 2d 535).

We conclude that under CPLR 602 (subd. [a]) it is proper to consolidate an action with a special proceeding where common questions of law or fact exist and the learned Special Term did not err in so holding in the instant matter.

The appeal also requires us to review that portion of the order which directs that the action and proceeding, as consolidated, be set down for trial for a stated date on the ready calendar. The order also directed that the filing of a statement of readiness be dispensed with. Appellants contend that this portion of the order significantly interferes with their right to pretrial discovery proceedings under article 31 of the CPLR and, more particularly, denies them their right to conduct an examination before trial of Elias in the stockholders' derivative action.

The general rule is that there must appear a " basis for inquiry " on the face of the complaint as a prerequisite for permitting an examination before trial in a stockholders' derivative suit (*Pearson* v. *Rosenberg*, 22 A D 2d 225; see, *Hegener* v. *Party Tyme Prods.*, 24 A D 2d 742). Upon a reading of the complaint at bar it is clear that sufficient allegations of misconduct and conspiratorial activity on the part of Elias are set forth to satisfy the " basis for inquiry " rule. Under these circumstances appellants should not have been denied the right to conduct an examination before trial or whatever other disclosure proceedings they may deem available to them under the CPLR.

The order appealed from should be modified by adding a decretal provision staying the trial of the proceeding and the action, as consolidated, for 45 days from the date of entry of the order to be entered hereon, so as to permit appellants an opportunity to utilize the disclosure proceedings available to them under article 31 of the CPLR.

Beldock, P. J., Christ, Brennan and Hopkins, JJ., concur.

Order modified by adding a decretal provision staying the trial of the proceeding and the action, as consolidated, for 45 days from the date of entry of the order to be entered hereon, so as to permit appellants an opportunity to utilize the disclosure proceedings available to them under article 31 of the CPLR. As so modified, order affirmed, with $10 costs and disbursements.