Louis B. Heller, J.
Plaintiff husband in his action for annulment “ predicated on the theory of Fraud ” moves by order to show cause with stay, to consolidate and remove to this court for a consolidated trial the defendant wife’s proceeding in the Family Court wherein she seeks support for herself.
The defendant wife (the petitioner in the Family Court proceeding wherein the moving husband is the respondent) opposes the motion for consolidation contending that all she seeks is support; that the Family Court already made an order awarding her temporary support; that a scheduled hearing in such court was stayed pending the determination of this motion ; that she does not seek a divorce, separation or annulment, therefore this court is without jurisdiction herein.
Culled from the submitted papers, sans copies of the pleadings, are these undisputed facts: That the defendant wife first initiated the Family Court proceeding against plaintiff husband ; that a temporary order for the petitioner wife’s support was *953 made in the Family Court wherein a hearing scheduled for November 13, 1967 wa’s, upon the respondent husband’s request adjourned to January 5, 1968; that no hearing was held on the latter date because of the stay contained in the subject order to show cause served on January 4, 1968; that no application for support has been made by the defendant wife in the instant action.
Absent “ an order by the supreme court granting temporary or permanent support, the family court during the pendency of such action may entertain a petition and may make an order * * * for a wife * * * in need of * * * assistance (Family Ct. Act, § 464, subd. [b].)
The weight of authority compels the denial of plaintiff’s motion for consolidation (Hanft v. Hanft, 46 Misc 2d 548, citing Backar v. Backar, 39 Misc 2d 1030). This court is of the opinion that to adhere to movant’s posture would be contra to and in violation of section 41-a of the Domestic Eelations Law which, as here pertinent, states: “ § 41-a. Proceedings not to be stayed. No pending and undetermined action for divorce, separation, annulment * * * proceeding instituted by the respondent shall operate to stay any proceeding under this act against such respondent for support of a dependent.”
Then, again, under the circumstances here appearing, if consolidation were permitted, and the plaintiff husband for some reason best known to himself should discontinue the instant action without an adjudication upon his wife’s right to support, “ she will have lost all opportunity to obtain such support in this action, and would be prejudiced by having to commence an action of her own ” (Landsman v. Landsman, 278 App. Div. 214, 215).
The court follows the specific language here enunciated (CPLR 602; Domestic Eelations Law 41-a) and there being no common questions of fact, plaintiff’s motion is accordingly denied and the stay vacated.