Henry W. Lengyel, J.
A motion was made by the claimant herein for an examination before trial of the State of New York, *832 together with limited discovery and inspection. We have considered the State’s affidavit in opposition to the limited discovery and inspection requested in the moving papers and in opposition to an order from this court which would open the original commitment proceedings which had been placed under seal by an order of the Greene County Court. We have also considered the oral argument of both counsel at the Motion Term.
Claimant’s counsel, bv letter of April 25, 1969, directed to this court, copy to the Assistant Attorney-General, withdrew that portion of his moving papers which requested permission to inspect the sealed commitment records in the Greene County Clerk’s office.
The State is to produce for examination an employee with knowledge of the facts and circumstances surrounding the confinement of the decedent at the Wassaic State 'School, his mental condition, and the accident of November 12, 1968 which allegedly resulted in his death on or about November 28, 1968. If one employee cannot be found with the requisite knowledge to make this a meaningful examination before trial, the State is to produce such additional employees with knowledge sufficient to accomplish said result. The State is to produce all documents, books, and records pertaining to the above for use on said examination before trial in accordance with CPLR 3111.
The State is to produce for examination an employee of the Hudson River State Hospital with knowledge of the decedent’s condition, including his treatment, injuries, and conscious pain and suffering during the period, November 12, 1968 to November 28,1968, of his confinement to said State hospital. The State is to produce all medical and hospital records covering the period of said confinement to the Hudson River State Hospital. The claimant shall be permitted to make a copy of decedent’s hospital record for the period November 12, 1968 to November 28,1968.
The State, in this motion and others that have been before us, appears to take the position that an examination before trial is a condition precedent to discovery and inspection. It constantly cites to us the decisions in Rios v. Donovan (21 A D 2d 409), Albero v. State of New York (25 A D 2d 470), and Tely v. State of New York (49 Misc 2d 418) as support for such proposition. We do not believe that said decisions provide such support. It seems clear to us that when a party can specify with reasonable particularity documents he wishes to inspect, copy, test, or photograph, said party may *833 combine in one motion a demand for examination before trial and limited discovery and inspection. We point to Rios v. Donovan (supra, p. 414): “ We do not suggest that under the Civil Practice Law and Rules discovery and inspection can be obtained only after the taking of oral or written depositions. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120. 22.) ”
In Albero v. State of New York (supra, p. 471) it was stated, “Nor are the documents described with the required specificity”. (See, also, Supplementary Practice Commentary, David D. Siegel, under CPLR 3120 [McKinney’s Cons. Laws of N. Y., Book 7B, CPLR]; Quirino v. New York City Tr. Auth., N. Y. L. J., April 17, 1969, p. 19, col. 1.) It is our opinion that the decedent’s own hospital record is a document specified with reasonable particularity and is within the statutory requirements as explained in Rios v. Donovan (supra) and Albero v. State of New York (supra). Certainly, it is a document within the requirements of CPLR 3101 (subd. [a]) and outside the prohibitions of CPLR 3101 (subds. [b], [c] and [d]).