■ PIONEER CREDIT CORP., Appellant, v. BON BON CLEANERS CORP et al., Respondents.— In an action on promissory notes against the corporate defendant and on a guarantee by the individual defendants and for attorney fees, plaintiff appeals from an order of the Supreme Court, Nassau County, entered July 14, 1971, which denied its motion for summary judgment. Order modified, on the law, by inserting therein, immediately after the provision that the motion " is denied ", the following: " except that it is granted to the extent of the first cause of action insofar as it is against defendant Bon Bon Cleaners Corp. (on the notes) ". As so modified, order affirmed, without costs. Plaintiff made out a prima facie case on the notes by proof of them and of the failure to make the payments called for (*Seaman-Andwall Corp.* v. *Wright Mach. Corp.*, 31 A D 2d 136). Thus, it was entitled to summary judgment unless the opposing papers raised genuine factual issues (*Leumi Fin. Corp.* v. *Richter*, 24 A D 2d 855, affd. 17 N Y 2d 166; *Stagg Tool & Die Corp.* v. *Weisman*, 12 A D 2d 99, 102). Plaintiff took the assignment in July, 1969 and did not receive notice of any defenses against its assignor until October, 1969. It took the notes for value, in good faith and without any notice of any defenses against its assignor. Accordingly, it is a holder in due course, not subject to most defenses relating to the underlying contract, and is entitled to summary judgment (Uniform Commercial Code, § 3–302, subd. [1]; § 3–305; *Credit Alliance Corp.* v. *Buffalo Linen Supply Co.*, 238 App. Div. 18). Plaintiff is not entitled to summary judgment against the individual defendants on their purported guarantee of the notes because the defense of fraud in the inducement has been raised and defendants have pleaded facts tending to establish that defense. Such defense is available against a holder in due course (Uniform Commercial Code, § 3–305, subd. [2], par. [c]; *First Nat. Bank of Odessa* v. *Fazzari*, 10 N Y 2d 394, 397). Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.