## (September 29, 1975)

■ CHARLES BARRAGATO, Petitioner, v ROBERT MAYER et al., Constituting the Board of Fire Commissioners of the Elmont Fire District, Respondents. —Proceeding pursuant to CPLR article 78 to review a determination of the respondent board of fire commissioners, dated March 25, 1975, which, after a hearing, found petitioner guilty of misconduct and dismissed him from further service in the Elmont Fire Department. Determination annulled, on the law, and charges dismissed, without costs. Petitioner was charged with misconduct as a result of his having issued an order to his men to keep their hands off the fire truck, as a result of which they thereupon ceased their practice of periodic oil checks, causing an insufficiency of oil in the truck's engine, thus rendering it inoperable. At a hearing held before the board, testimony was adduced that a fire commissioner had originally told petitioner and the men of his company not to touch the truck, that such statement had been repeated by petitioner to his men, and that a number of them believed that his order encompassed oil checks. However, the record does not contain evidence that petitioner ever explicitly told his men not to check the oil. Upon this record, the determination upon which petitioner's dismissal is based was unsupported by evidence warranting a finding that he had been guilty of misconduct. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.

■ DEIDRE BERGER, Appellant, v ROBERT J. BERGER, Respondent.—In an action for divorce, the plaintiff wife appeals from an order of the Supreme Court, Queens County, dated January 27, 1975, which denied her motion to examine defendant before trial as to the third, fourth and fifth counterclaims in his second amended answer. Order reversed, without costs, and motion granted. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. The causes of action in the last three counterclaims, concerning moneys allegedly converted and certain real property, are separate from and unconnected to the divorce and separation causes of action in the first two counterclaims and are joined therewith only because of the procedural device empowering the court to decide such questions in one action (Domestic Relations Law, § 234). As to these three counterclaims, plaintiff would be entitled to examine defendant if they were set forth in a separate action and "there is no justification for removing or qualifying such right merely because [defendant] took advantage of the procedural device afforded by section 234 of the Domestic Relations Law" *(Panetta v Panetta,* 35 AD2d 967). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.