■ In the Matter of CHARLES STEPHENS, Respondent, v EMIL ANTONACCIO, JR., as Building Inspector of the Town of Somers, et al., Respondents, and LAWTON ADAMS, Appellant. CHARLES STEPHENS, Respondent, v LAWTON ADAMS, Appellant, et al., Defendant.—In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the Building Inspector of the Town of Somers to issue a summons to appellant or to take other appropriate action to halt certain excavation work, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 15, 1975, which, *inter alia*, sustained the petition and afforded relief sought by the petitioner in a separate action. Judgment modified, on the law, by (1) deleting the provision in the first decretal paragraph thereof sustaining the petition as against the appellant and (2) deleting the second, fourth, fifth and sixth decretal paragraphs thereof. As so modified, judgment affirmed, without costs or disbursements. We agree with Special Term that appellant's activities fall within the provisions of the Zoning Ordinance of the Town of Somers and that he was required to obtain a special exception use permit. Accordingly, Special Term should have directed the Building Inspector of the Town of Somers to enforce the zoning ordinance vis-à-vis appellant, and no more. Appellant correctly contends that Special Term improperly consolidated the CPLR article 78 proceeding with a separate action commenced by petitioner, as plaintiff, against him for injunctive relief. While a special proceeding and an action may be consolidated *(Matter of Elias v Artistic Paper Box Co.,* 29 AD2d 118), CPLR 602 (subd [a]) states that "the court, *upon motion,* * * * may order the actions consolidated". The record here shows no such motion having been made. Moreover, it does not appear that the parties even had notice of the consolidation until after the hearing in the proceeding when

Special Term issued its decision dated July 15, 1975. Accordingly, no judgment regarding the action should have been rendered. We note that petitioner, as plaintiff, is free to proceed with his action. Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.