■ EDWIN FLECK et al., Respondents, v ISAAC PUTTERMAN et al., Appellants, et al., Defendants. (Action No. 1.) ARTHUR FLECK et al., Respondents, v ISAAC PUTTERMAN et al., Appellants, et al., Defendants. (Action No. 2.) MAC ORGANIZATION, INC., Respondent, v PROMENADE EQUITIES CORPORATION et al., Appellants. (Action No. 3.) (And a Third-Party Action in Action No. 3.)—In actions for an accounting and dissolution of a partnership (Actions Nos. 1 and 2, each involving a separate partnership) and an action to enforce a lien upon trust funds pursuant to article 3-A of the Lien Law (Action No. 3), the appeals are from three orders of the Supreme Court, Kings County (one in each action), all dated November 18, 1976, each of which (1) denied a cross motion by the respective defendants for consolidation of the three actions and (2) granted plaintiffs' motion in each action (i) for a priority of the examination before trial of the defendants and (ii) to strike interrogatories served by defendants. Orders modified by (1) deleting the first decretal paragraph of each order and substituting therefor, in each order, a provision granting the cross motion for consolidation of the three actions and (2) deleting the third decretal paragraph of each order and substituting therefor, in each order, a provision denying the branch of plaintiffs' motion which sought to strike the interrogatories. As so modified, orders affirmed, without costs or disbursements. These three actions present a common question, namely, whether there has been a wrongful diversion of building loan mortgage funds. In the absence of any showing of specific prejudice by the plaintiffs, consolidation should have been ordered in the interest of judicial economy. We note that the mere fact that the third action seeks a different form of relief than do the other two actions does not, in view of their relation to each other, bar consolidation (see *Matter of Elias v Artistic Paper Box Co.,* 29 AD2d 118). "Objections to interrogatories should be specific and general objections are improper" (3A Weinstein-Korn-Miller,

NY Civ Prac, par 3133.01). Plaintiffs have failed to do more than make a general objection to the interrogatories served on them. Even if they had raised specific objections, the branch of the motions seeking to strike the interrogatories, some 20 questions, should have been denied as they are not unduly prolix and the documents sought are related to the questions propounded; even though those documents may be extensive, all that plaintiffs are required to do is to afford an opportunity for examination and copying (see CPLR 3131). As the information sought on the main claims by the parties is apparently in the appellants' custody, Special Term did not improvidently exercise its discretion in reversing the usual priority of examination (see *Solow v Solow,* 5 AD2d 848). Hopkins, J. P., Shapiro, Hawkins and O'Connor, JJ., concur.