■ GUY PALMIERI, an Infant by His Father and Natural Guardian ITALO J. PALMIERI, Appellant, v THOMAS KILCOURSE, Respondent, et al., Defendant. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated March 10, 1982, which granted defendant Kilcourse's motion for a protective order. Order reversed, without costs or disbursements, and motion denied. The discovery shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree. The complaint alleges that on or about March 16, 1965 Ethel Palmieri, mother of the infant plaintiff Guy Palmieri, was admitted to defendant Good Samaritan Hospital under the care of defendant Dr. Thomas Kilcourse. The infant plaintiff is alleged to have suffered injuries during delivery and the period immediately thereafter as a result of the medical malpractice of defendants. A notice of discovery and inspection was served on defendant Kilcourse directing production of "[a]ny and all office records relative and/or relevant to the care, treatment and diagnosis of Ethel Palmieri". Special Term granted Dr. Kilcourse's motion for a protective order. We reverse. CPLR 3120 (subd [a], par 1, cl [i]) authorizes a party to serve a notice "to produce and permit the party seeking discovery * * * to inspect, copy, test or photograph any specifically designated documents or any things * * * specified with reasonable particularity in the notice". The statute seeks to eliminate "fishing expeditions" (see *Rios v Donovan*, 21 AD2d 409). Although the use of the phrase "any and all" has been disapproved of on many occasions (see, e.g., *Haroian v Nusbaum*, 84 AD2d 532; *City of New York v Friedberg & Assoc.*, 62 AD2d 407), under the circumstances of this case the requirements of CPLR 3120 have been met. As noted in Weinstein-Korn-Miller (NY Civ Prac, vol 3A, par 3120.17): "This requirement is designed to protect against unreasonable rummaging through books and records, but it should not be used to prevent disclosure for lack of technical compliance * * * A description by type of book or function of record with dates would in most instances be all that a party seeking the discovery could be expected to use in his notice since he would normally not have any intimate knowledge of another party's record keeping system." In the case at bar, it does not appear that plaintiff is conducting a "fishing expedition" or is "unreasonabl[y] rummaging" through defendant Kilcourse's records. As medical records are generally maintained according to the name of the patient, it would not be burdensome for Dr. Kilcourse to hand over his concededly relevant file on Mrs. Palmieri to the plaintiff. Nor is any claim of privilege being asserted. As was noted in *Rios v Donovan* (*supra*, p 414): "We do not suggest that under the Civil Practice Law and Rules discovery and inspection can be obtained only after the taking of oral or written depositions." Gibbons, J. P., O'Connor, Rubin and Boyers, JJ., concur.