■ ROLAND N. BARNES, Respondent, v FRYA E. BARNES, Appellant. — In an action for divorce, the defendant wife appeals (1) from an order of the Supreme Court, Westchester County (Jiudice, J.), dated June 10, 1982, which granted the plaintiff husband's motion for a protective order and vacated so much of her notice to take deposition upon oral examination as demanded the production of certain documents, and (2) as limited by her brief, from so much of a further order of the same court, dated August 19, 1982, as, upon reargument, adhered to the original determination. Appeal from the order dated June 10, 1982, dismissed. That order was superseded by the order granting reargument. Order dated August 19, 1982, modified, by adding thereto, immediately following the provision adhering to the original determination dated June 10, 1982, the following: "only with respect to item numbered '1', and the motion for a protective order is denied with respect to the remaining three items". As so modified, order affirmed, insofar as appealed from. Defendant is awarded one bill of costs. The deposition shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by defendant, or at such other time and place as the parties may agree. Plaintiff commenced this action for divorce in February, 1980, alleging defendant's constructive abandonment of him for a period in excess of one year. In her answer, defendant interposed a counterclaim for an accounting with respect to community property acquired by the parties in California and joint property acquired by them in New York. The counterclaim was properly joined to the divorce cause of action pursuant to section 234 of the Domestic Relations Law, and defendant is entitled to examine plaintiff based thereon (see *Berger v Berger,* 49 AD2d 755). Defendant then served a notice to depose plaintiff on oral examination, along with a demand pursuant to CPLR 3111 for the production thereat of the following items: "1. All books, records, papers and statements of accounts pertaining to community property of the parties and its investment and reinvestment from June, 1964 to date. 2. All books, papers, records and statements of accounts pertaining to Plaintiff's debts. 3. All books, papers, records and statements of accounts pertaining to all of Plaintiff's bank accounts, brokerage accounts, assets and investments from April 1, 1978 to date. 3. [*sic*] All of Plaintiff's income tax returns, filed separately by him, during the past 3 years." Plaintiff moved for a protective order pursuant to CPLR 3103 (subd [a]). There is no requirement that a notice pursuant to CPLR 3111 to produce materials at an examination before trial contain a specific identification of the materials sought. Rather, the required description is that which is reasonable under the circumstances (*Chemprene, Inc. v X-Tyal Int. Corp.,* 78 AD2d 668, mod 55 NY2d 900). It has been held, however, that "[a] blunderbuss notice does not comply with the statutory requirement" (*Butler v District Council 37, Amer. Federation of State, County & Municipal Employees, AFL-CIO,* 72 AD2d 720). Although the use of such phrases as "any and all" has been judicially disapproved of with respect to notices to produce, such broad descriptions have, on

occasion, been condoned where reasonable under the circumstances (*Palmieri v Kilcourse,* 91 AD2d 657). With respect to the latter three items contained in the demand, it does not appear that defendant is conducting an "'improper wholesale fishing expedition'" or is unreasonably rummaging through plaintiff's financial affairs and business records (see *White Plains Coat & Apron Co. v Lehmann,* 87 AD2d 629, 630; *Palmieri v Kilcourse, supra*). The descriptions of the material sought with respect to those items are sufficiently detailed and limited in scope so as not to render their production unduly onerous to plaintiff. Moreover, their relevance to the issues presented is clear. As respects defendant's demand for the production of all materials pertinent to the parties' community property and its investment and reinvestment since 1964, we conclude that the notice is unduly burdensome. Defendant has failed to establish the elements of a constructive trust with respect to the management of the community property which would justify her request for production of financial documents spanning 19 years. The array of documents sought with respect to the community property "exceeds the requirements for a pretrial examination and the bounds intended by CPLR 3111" (*White Plains Coat & Apron Co. v Lehmann, supra,* p 630). Accordingly, Special Term did not abuse its discretion in granting plaintiff's motion for a protective order with respect to item No. 1 of the demand (*Matter of U. S. Pioneer Electronics Corp. [Nikko Elec. Corp. of Amer.],* 47 NY2d 914). It should have been denied, however, with respect to the remaining items. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.