■ HOLLY C. BRADY et al., Infants, by Their Father and Natural Guardian, FRANK J. BRADY, et al., Plaintiffs, v WYETH LABORATORIES, INC., Appellant, and MICHAEL J. HANNAN, Individually and Doing Business as HANNAN'S PHARMACY, Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered January 20, 1984 in Albany County, which denied a motion by defendant Wyeth Laboratories, Inc., for a protective order.

In the underlying action, damages are being sought for personal injuries said to have been sustained by the infant plaintiffs as a result of the inoculation with a serum known as DPT.

The initials DPT apparently represent the diphtheria, pertussis and tetanus components of a manufactured product used to immunize infants from those diseases. The complaint alleges that defendant Wyeth Laboratories, Inc. (Wyeth) manufactured the serum and sold it to defendant Hannan's Pharmacy (Hannan), which in turn sold the serum to the physicians who, on January 16, 1981, inoculated the infants. Hannan's service upon Wyeth of a notice for discovery and inspection pursuant to CPLR 3120 prompted the latter's motion for a protective order; no other disclosure device has yet been resorted to by the parties. When Special Term directed Wyeth to respond in full to Hannan's CPLR 3120 demands, this appeal followed.

As against a party, CPLR 3120 permits discovery and inspection anytime after commencement of the action. There is no general requirement in the CPLR or in the case law that recourse to other disclosure devices must first be had before one resorts to discovery pursuant to CPLR 3120 (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3120:5, p 519), provided, of course, that the items demanded are specified with reasonable particularity (*id.; Huttner v State of New York*, 59 Misc 2d 831). Here, the complaint charges that contaminated DPT manufactured by Wyeth caused plaintiffs' injuries. Hannan's discovery requests draw directly from this identification and involve: the particular vial in which Wyeth packaged the allegedly defective or adulterated serum (item No. 5) and reports of analysis and inspections of that vial or batch of DPT (item No. 6); copies of other complaints received within two years of plaintiffs' injuries and related to adulterated DPT (item No. 7); photographs, if any, of plaintiffs' actual injuries (item No. 9); and invoices of sales of DPT by Wyeth to Hannan within the two years prior to plaintiffs' injuries (item No. 10). These requests are highly relevant and probative, and are limited by reference either to a particular period and event or to direct involvement in the litigation; they are sufficiently identified.

In item No. 8, Hannan seeks to have produced for inspection copies of "all recall notices of DPT made by * * * Wyeth within two (2) years prior or subsequent to January 16, 1981". Since any such recalls, even if it be assumed that they did indeed occur, and that has not even been alleged, may have been for reasons totally unrelated to the merits of plaintiffs' complaint, this demand is both irrelevant and overly broad and, accordingly, must be stricken.

Finally, we note that Hannan, in its affidavit in opposition to Wyeth's motion, limited the scope of item No. 3, which sought "[c]opies of all accident reports filed by * * * [Wyeth] with any

insurance carrier to recover monies or to report an accident pursuant to a policy of insurance or made in the due course of business pursuant to CPLR § 3101 (g)", to accident reports "that may add or lead to additional information regarding the underlying facts of this case". Unobjected to on appeal, that demand, as so limited, is reasonable.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant Wyeth Laboratories, Inc.'s motion to vacate item No. 8 of the notice for discovery and inspection, said item vacated, and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.