■ PATRICK SULLIVAN, an Infant, by his Father and Natural Guardian, JAMES P. SULLIVAN, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. — In an action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated March 15, 1983, which granted defendants' motion for a protective order to the extent of vacating (1) plaintiffs' "NOTICE FOR DISCOVERY AND INSPECTION", and their "NOTICE FOR DISCOVERY AND INSPECTION OF BUS", both dated October 20, 1983, and (2) so much of plaintiffs' "DEMAND FOR NAMES AND ADDRESSES OF WITNESSES AND WITNESS STATEMENTS" as sought witnesses' statements.

Order modified so as to provide that so much of defendants' motion for a protective order as to items 3, 4, 5, 6, 8 and 9 of plaintiffs' "NOTICE FOR DISCOVERY AND INSPECTION" is denied. As so modified, order affirmed, without costs or disbursements. Defendants' time to comply with the foregoing items of the "NOTICE FOR DISCOVERY AND INSPECTION" is extended until 60 days following service upon them of a copy of the order to be made hereon, with notice of entry, and a notice specifying the place at which such disclosure is to be made.

Items 1, 2, 7, 10, 11 and 12 of plaintiffs' "NOTICE FOR DISCOVERY AND INSPECTION" were properly subject to vacatur by Special Term since said items lacked the specificity required by CPLR 3120. However, it was error to vacate item 4, plaintiffs' demand for photographs of the accident scene in defendants' possession, and item 3, plaintiffs' demand for accident reports compiled by defendants (CPLR 3101 [g]). Moreover, Special Term erred in vacating item 5, plaintiffs' demand for copies of their own statements, and item 6, plaintiffs' demand for copies of their own medical statements, records, etc., turned over by them or others to defendants (CPLR 3101 [e]).

Although many of the items of plaintiffs' demand are couched in blunderbuss phrases of the type this court has condemned in the past (*Barnes v Barnes,* 96 AD2d 894), items 8 and 9 are, nevertheless, relevant and specific enough to permit responses without undue burden, and it was error, therefore, to vacate them.

Special Term properly granted a protective order against plaintiffs' request that defendants supply them with a certain bus to be positioned on a city street so as to recreate the alleged accident scene. CPLR 3120 contemplates discovery and inspection and does not sanction the reenactment of an alleged accident scenario.

Finally, plaintiffs' demand for the production of witnesses' statements, which we assume to be other than those sought in item 3, discussed above, was properly denied (CPLR 3101 [d]). It also appears that defendants do not, in any event, possess such statements. Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.