■ MCG ELECTRONICS, INC., Appellant, v WILLIAM J. PURCELL et al., Respondents.—In an action, *inter alia,* for injunctive relief and to recover damages for breach of contract and lost profits, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Kutner, J.), dated January 8, 1986, as denied those branches of its motion which were to vacate certain of the defendants' document requests and certain interrogatories.

Ordered that the order is affirmed insofar as appealed from, with costs; the plaintiff's time to comply with the document requests and interrogatories in issue is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

Special Term did not improvidently exercise its broad discretion in supervising disclosure *(see, Albany Med. Coll. v McShane,* 117 AD2d 883; *Welsh v New York City Tr. Auth.,* 78 AD2d 550), when it ruled as it did on the plaintiff's motion for an order of protection. Although the contested document requests use the phrase "[a]ny and all", raising a question as to their requisite specificity under CPLR 3120 *(see, Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733; *Palmieri v Kilcourse,* 91 AD2d 657), under the facts presented, we are of the opinion that they are sufficient to apprise the plaintiff of the documents which it must produce *(cf., Stevens v Metropolitan Suburban Bus Auth., supra; Scheinfeld v Burlant,* 98 AD2d 603). The requests neither constitute a "fishing expedition" into the plaintiff's records *(cf., Stevens v Metropolitan Suburban Bus Auth, supra; Palmieri v Kilcourse, supra),* nor do they compel the plaintiff to prepare new documents not previously in existence *(cf., Welsh v New York City Tr. Auth., supra).* We note, moreover, that Special Term circumscribed the scope of the defendants' requests by limiting them to a specified time period and by conditioning the production of documents upon the execution of a stipulation of confidentiality by the parties and their attorneys.

The plaintiff failed to do more than raise general objections to the challenged interrogatories and, in any event, we find that they were not unduly prolix *(see, Fleck v Putterman,* 60 AD2d 904). Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.