■ JOHN S. GRAY, Appellant, v JOEL J. RATZKER, Respondent.—In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated May 9, 1988, which denied his motion pursuant to CPLR 3213 for summary judgment in lieu of complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment on a promissory note executed by the defendant in connection with his purchase of the plaintiff's accounting practice. The defendant's opposition papers adequately alleged a defense of fraud in the inducement and, thus, were sufficient to defeat the plaintiff's summary judgment motion (see, Pioneer Credit Corp. v Bon Bon Cleaners Corp., 38 AD2d 743; cf., Faustini v Darth Provisions Co., 131 AD2d 809; Ward v Hanley, 130 AD2d 742). Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.

■ CLARICE HYDE, Respondent, v CHRYSLER CORPORATION, Appellant, et al., Defendants.—In an action grounded, inter alia, in strict products liability, the defendant Chrysler Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Pitaro, J.), dated November 25, 1987, as denied those branches of its motion which were for further discovery and inspection of a certain automobile, and to compel the plaintiff to provide supplemental responses to interrogatories numbered 24 and 26.

Ordered that the order is affirmed insofar as appealed from, with costs.

Since the appellant has availed itself of the opportunity to inspect the vehicle which is the subject of this litigation and to inspect and measure the plaintiff's driveway where the accident occurred, the Supreme Court did not improvidently exercise its discretion (cf., CPLR 3103) when it declined to authorize "further" discovery and inspection in the form of an accident reenactment at the plaintiff's premises (see, Sullivan v New York City Tr. Auth., 109 AD2d 879, 880). Moreover, the plaintiff, by her answers to the challenged interrogatories, has adequately specified the parts of the vehicle which she claims were defective and has factually answered that she did not know what warnings, if any, "did accompany" the vehicle. The Supreme Court therefore properly denied that branch of the appellant's motion which sought further answers to those interrogatories. Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.