■ AGNES TAYLOR, Appellant, v JOHN DOE et al., Doing Business as COLISEUM PLAZA ASSOCIATES, et al., Respondents. —Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this personal injury action, Supreme Court granted defendants' request for a protective order vacating item 9 of plaintiff's combined demands for discovery. That was error.

Plaintiff's request sought: "All written complaints and accident reports of those persons who claim their shoes were caught in the joint space and/or substance(s)/filler therein, whether said claim resulted in bodily injury or property damage, from the date of construction up until the date of the accident." We conclude that this demand constituted a request for prior similar accidents and was thus proper (see, Klatz v Armor Elevator Co., 93 AD2d 633, 637-638). There is no merit to defendants' argument that the request was overly broad (see, Sullivan v New York City Tr. Auth., 109 AD2d 879, 880; Barnes v Barnes, 96 AD2d 894; Palmieri v Kilcourse, 91 AD2d 657). Moreover, reports of property damage claims were properly demanded because such documents are material and relevant in establishing the existence of a dangerous condition and defendants' notice thereof (see, Klatz v Armor Elevator Co., supra). Finally, plaintiff need not resort to other discovery devices before resorting to discovery pursuant to CPLR 3120 (see, Brady v Wyeth Labs., 106 AD2d 795, 796). (Appeal from order of Supreme Court, Nassau County, Burke, J.—discovery.) Present—Dillon, P. J., Doerr, Boomer, Pine and Davis, JJ.