LORRAINE SANFORD, Appellant, v TIBOR SANFORD, Respondent.—Order insofar as appealed from unanimously affirmed with costs. Memorandum: The court properly exercised its discretion by denying plaintiff's application to vacate several items in defendant's Notice for Discovery and Inspection.

The description of material to be produced is specific enough to apprise plaintiff of the precise documents to be produced *(see, Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733, 734; *Palmieri v Kilcourse,* 91 AD2d 657), and defendant is entitled to discover the extent of plaintiff's interest in family-held close corporations, regardless of the extent of that interest *(see, Kaye v Kaye,* 102 AD2d 682, 688). There is no merit to plaintiff's contention that defendant's request for life insurance policies, medical and dental reimbursement plans, credit card and charge account records and personal checking account records is related solely to maintenance, which is not at issue. Checking and credit or charge records are relevant in ascertaining whether marital property was acquired, and the existence and status of insurance policies and medical/dental plans will enable the court to assess whether it should direct either spouse to provide life, medical or dental insurance benefits *(see,* Domestic Relations Law § 236 [B] [8]). (Appeal from Order of Supreme Court, Nassau County, Saladino, J.—Discovery.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.