■ SHAWN COAN, Appellant, v LONG ISLAND RAIL ROAD et al., Respondents. [668 NYS2d 44] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated December 27, 1996, which denied his motion to compel the defendants to produce reports and claims of prior accidents.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is granted.

The plaintiff commenced the instant action to recover damages for injuries he sustained when he fell from a Long Island Rail Road diesel train. The train allegedly accelerated suddenly as he was getting off of it. The plaintiff asserted that the defendants were negligent, *inter alia,* in allowing the train "to jerk, move and accelerate while the door and/or doors of said train were open". At issue is whether the plaintiff is entitled to accident reports of prior similar occurrences on diesel trains for a specified period.

CPLR 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action". This includes written accident reports prepared in the regular course of business (*see,* CPLR 3101 [g]). Records of prior similar accidents are admissible and discoverable in a negligence action since they are relevant in establishing that a particular condition was dangerous and that the defendant had notice of that condition (*see, Klatz v Armor El. Co.,* 93 AD2d 633, 637-638; *Lestingi v City of New York,* 209 AD2d 384, 385; *Taylor v Doe,* 167 AD2d 984). The reports requested by the plaintiff in the instant case are material and relevant to establish that leaving the train doors open while pulling out of a train station

constituted a dangerous condition and the defendants' notice thereof. Therefore, they are discoverable (*see, Lestingi v City of New York, supra; Kaplan v Einy,* 209 AD2d 248, 251; *cf., Yoon v Woolworth Co.,* 202 AD2d 575, 576-577). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.

