■ TYRONE L. MADISON, Respondent, v SPANCRETE MACHINE CORPORATION, Defendant and Third-Party Plaintiff-Respondent. OLD CASTLE PRE-CAST, INC., Formerly Known as SPANCRETE NORTHEAST, INC., Third-Party Defendant-Appellant. (Appeal No. 1.) [732 NYS2d 301] —Order unanimously reversed on

the law without costs, motion denied and awards vacated. Memorandum: In June 2000 representatives of plaintiff and defendant-third-party plaintiff (defendant) traveled to third-party defendant's plant to inspect equipment involved in plaintiff's accident, and allegedly were denied an opportunity to observe that equipment in operation. We agree with third-party defendant that Supreme Court abused its discretion in granting the motion of plaintiff and awarding plaintiff and defendant costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 (a) associated with that failed inspection and in compelling third-party defendant to submit to an inspection of its equipment pursuant to CPLR 3120 (a) (1) (ii) according to the protocol proposed by plaintiff and defendant. The demands made by plaintiff and defendant at the time of the inspection exceeded the scope of the parties' agreement with respect to that inspection, and thus the conduct of third-party defendant was not frivolous within the meaning of 22 NYCRR 130-1.1 (c). Further, the proposed protocol effectively requires third-party defendant to reenact the accident. CPLR 3120 (a) (1) (ii) permits "entry upon designated land or other property in the possession, custody or control of [a] party * * * for the purpose of inspecting, measuring, surveying, sampling, testing, photographing or recording by motion pictures or otherwise the property or any specifically designated object or operation thereon." It does not authorize discovery and inspection in the form of an accident reenactment (see, Sullivan v New York City Tr. Auth., 109 AD2d 879, 880; see also, Hyde v Chrysler Corp., 150 AD2d 343).

Plaintiff and defendant contend that third-party defendant waived compliance with CPLR 3120. Although third-party defendant may have waived compliance with the notice requirement of CPLR 3120, it did not consent to discovery beyond the scope authorized by the CPLR. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Discovery.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.