■ Yuri Grebyonkin, Respondent, v 2301 Ocean Ave. Owners Corp. et al., Defendants, and Makita U.S.A., Inc., Appellant. [874 NYS2d 391]—

In an action to recover damages for personal injuries, the defendant Makita U.S.A., Inc., appeals from an order of the

Supreme Court, Kings County (F. Rivera, J.), dated February 22, 2008, which denied its motion to compel the plaintiff to demonstrate the circumstances of his accident during a continued videotaped deposition.

Ordered that the order is affirmed, with costs.

Contrary to the contention of the defendant Makita U.S.A., Inc. (hereinafter Makita), the Supreme Court did not improvidently exercise its discretion in denying its motion to compel the plaintiff to demonstrate the circumstances of his accident during his continued videotaped deposition. The demonstration or reenactment of an accident during discovery is not generally contemplated under the CPLR (*see e.g. Madison v Spancrete Mach. Corp.,* 288 AD2d 888, 889 [2001]; *Sullivan v New York City Tr. Auth.,* 109 AD2d 879, 880 [1985]). Moreover, Makita failed to demonstrate that the information it sought could not be obtained through the testimony of the plaintiff at his deposition or through other discovery devices (*see e.g. Gatta v Makita U.S.A.,* 244 AD2d 457 [1997]; *Hyde v Chrysler Corp.,* 150 AD2d 343 [1989]), and that the proposed demonstration would be conducted under conditions similar to those which prevailed at the time of the accident (*see generally Blanchard v Whitlark,* 286 AD2d 925, 926 [2001]; *Santucci v Govel Welding,* 168 AD2d 845, 846 [1990]). Mastro, J.P., Balkin, Dickerson and Leventhal, JJ., concur.